SAMUEL HEIDENHEIMER V. MATTIE THOMAS.

(Case No. 2019.)

1. PRACTICE — VERDICT — NEW TRIAL.— In a suit to set aside a deed, purporting to be the act of the grantor, on the ground of mental incapacity at the time of its execution, the court will not set aside the verdict of a jury, finding that he was *non compos mentis* at the time, if there was evidence sustaining the verdict, on the ground that there was evidence which would have sustained a different finding.

2. MARRIED WOMAN'S DEED — INSANITY.— The right and power of the wife, who has been abandoned by her husband, to sell as a *feme sole* her separate estate, or, when necessary for the support of her family, the common property, is well established. The desertion and absence are the foundation of the right, coupled with necessity for a support. But that rule is not broad enough to validate a deed by husband and wife to the homestead, made when the husband is *non compos mentis,* though the wife properly acknowledge it, when the conveyance is made to pay a debt already due from the husband. In a case where the homestead constituted the entire property of the wife, to give validity to her deed under such circumstances would be to disregard the reason of the law, founded in the necessity for a support, which authorizes her sometimes during coverture to act as a *feme sole.*

3. CASE DISCUSSED — OBITER DICTA.— The language in Forbes *v.* Moore, 32 Tex., 200, which seems to indicate a different rule, must on that point be regarded as *obiter dicta.*

4. INSANITY — MARRIED WOMAN.— No power exists in the wife alone to alienate the separate property of the husband, who is insane, or of the community during the period of his insanity.

5. SAME.— The Revised Statutes (arts. 2621, 2653, 2670, 2660) make provision for the support of the family and the education of the children of insane persons, in obedience to orders of the courts, when necessary.

6. CASE REVIEWED.— Leggate *v.* Clark, 111 Mass., 308, reviewed.

7. BILL OF EXCEPTIONS.— A paper filed as a bill of exceptions in a cause, not signed by the judge, but by three citizens, eight days after the trial (the judge having refused to sign), which fails to show that those who signed it were present at the trial, or that their certificate was given at the time when the occurrence to which it related transpired, will not be regarded on appeal.

8. TRIAL — IMPROPER LANGUAGE — ATTORNEY.— An appellant who seeks the reversal of a judgment on account of improper language used by opposing counsel during a trial below is not in condition to ask a reversal for that cause, when the language was provoked by language of his own counsel, equally as objectionable.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

Mattie Thomas, for herself and as next friend of her daughter Susie, aged six years, brought this suit on the 16th of June, 1882, against Heidenheimer & Richter, for the recovery of lot 16, in block 4, in the town of Weimar, and for the rental value thereof. On the 14th of October, 1881, the lot was a part of the homestead of Mattie and her husband, H. C. Thomas, and on that day they conveyed to Heidenheimer. He afterwards conveyed it to Richter, and the latter back again to the former. It was alleged that on the 14th of October, 1881, H. C. Thomas was *non compos mentis*, and his condition was known to appellants and notorious in the town of Weimar; that the notary who took her private acknowledgment to the conveyance to Heidenheimer was the agent and employee of the latter, and never explained to her the value thereof, but on the contrary expressly informed her that her signature was only required to the instrument as a matter of form; that all business men did or had to do the same that her husband had done in signing said instrument, and that it amounted to nothing; that she was ignorant of its contents and did not know it was a deed to the lot until long afterwards; that the appellants had full knowledge of the acts and declarations of the notary, and that Heidenheimer, when he caused the notary to take the acknowledgment of herself and husband to the deed, intended to and did commit a fraud upon her. Verdict was for the appellees for the lot and its rental value, $40 per month, from the 14th of October, 1881. Judgment accordingly. Heidenheimer alone appealed.

The testimony on the issue of insanity *pro* and *con* is interesting, but quite too lengthy for insertion. The objectionable language indulged in by counsel on both sides (made doubtless in the zeal of advocacy) need not be here perpetuated, since its publication would give no force to the doctrine in the opinion announced, with regard to it.

*Kennon & Townsend*, for appellant, that occasional insanity, caused by intemperance, will not avoid a deed unless it is shown to have existed when the deed was made, cited: Hall *v.* Perkins, 3 Wend., 626; Odell *v.* Buck, 21 id., 142; Henderson *v.* McGregor, 30 Wis., 78; Lewis *v.* Baird, 3 McL., 56; Redfield on Wills, 32, sec. 4; 1 Greenleaf on Evidence, sec. 81; Wallis *v.* Hodgeson, 2 Atk., 55; Attorney-General *v.* Paruther, 3 Bro. Chancery Cases, 441; Gralill *v.* Baw, 5 Pa. St., 441; Jackson *ex dem.* Cadwell *v.* King, 4 Cow., 207.

That the deed will not be set aside if the purchaser was ignorant of the lunacy, unless the purchase money is restored, they cited: Moulton v. Camvoux, 2 Exch., 502; Price v. Berrington, 7 Eng. L. & Eq., 254; Wilder v. Weakley, 34 Ind., 184; Behren v. McKenzie, 23 Iowa, 343; Lincoln v. Buckmaster, 32 Vt., 658; Scanlon v. Cobb, 85 Ill., 296; Beals v. Lee, 10 Pa. St., 56.

*Foard & Thompson*, for appellee, cited: Hart v. McDade, 61 Tex., 208; Pierce v. Fort, 60 Tex., 464.

STAYTON, ASSOCIATE JUSTICE.— The appellee seeks to set aside the deed purporting to have been made by herself and her deceased husband, on the grounds:

*First.* Because her husband was of unsound mind, and hence incapable of contracting, at the time the deed was executed.

*Second.* Because of alleged fraud in the manner in which her signature to the deed was obtained and want of privy examination.

The property in controversy constituted a part of the homestead of the appellee and her husband at the time the deed purported to have been executed.

The jury were instructed very fully in reference to the mental condition of the husband at the time the deed was executed, which would authorize the setting aside of the deed on the ground of his want of capacity to contract at the time the deed was made.

It would be unprofitable to set out in this opinion the evidence before the jury tending to show that H. C. Thomas was *non compos mentis* at the time the deed was executed.

The evidence offered to show the mental condition of H. C. Thomas at the time the deed was executed, and especially that of his family physician and two others, is such as would fully have justified the finding that his mental condition was such as to deprive him of capacity to contract; and that there was evidence tending to a different conclusion furnishes no reason why, in disregard of well settled rules, this court should refuse to regard the finding of the jury conclusive on that question.

This renders it unnecessary to consider the other ground on which relief was sought, unless it be true that, if such was the mental condition of the husband, the deed of the wife alone would be sufficient to pass title to the property.

In a number of cases the right and power of a wife who has been abandoned by her husband to sell, without being joined by him, her separate estate, as fully and in the manner that a *feme sole* may,

has been recognized, as has been her right and power to sell, when thus situated, the common property, when necessary to the maintenance of herself and family. Wright *v.* Hays, 10 Tex., 135; Cheek *v.* Bellows, 17 Tex., 617; Fullerton *v.* Doyle, 18 Tex., 13; McAfee *v.* Robertson, 41 Tex., 358; Kelley *v.* Whitmore, 41 Tex., 648; Ann Berta Lodge *v.* Leverton, 42 Tex., 18; Walker *v.* Stringfellow, 30 Tex., 573.

The reason for the rule is clearly given in these cases; when the power exists, and to what extent it may be used, is also indicated.

In Wright *v.* Hays it is said, " His desertion and absence are the foundation of her new rights and authority. His absence or civil death are prerequisites to the acquisition of these rights by the wife." ·

In Cheek *v.* Bellows it was said, " She and her children are entitled to a support from the property, and if the husband is absent there is no reason nor rule of law that would prohibit the wife from making a contract to meet the necessities of the case. It would be a strong case that would permit her to go further."

In the case of Forbes *v.* Moore, 32 Tex., 200, it seems to have been held that, during the insanity of a husband, the wife might dispose of so much of the common property, or, in case there be none, of so much of the separate property of the husband, as might be necessary to supply the wants of herself and their children. It does not appear in that case that the wife had disposed of any property, and the remarks made in the course of the opinion, so far as we can see from the report of the case, were not necessary to the decision of the cause.

If the rule as stated in that case were the true one, it however would not be broad enough to sustain the sale in this case as the sole act of the wife.

The property named in the deed was a part of the homestead of the family, and was the only property belonging to the husband and wife from which any revenue could be derived.

There seems to have been a business house on the lot described in the deed, which the husband, a merchant, used as his place of business, which was of the rental value of $40 or $50 per month, and the consideration for the deed to the appellant was a debt due to him from the husband.

If such a rule existed, it could only spring from the necessity of the family to have a support; to which the sale, in the case under consideration, could in no manner have contributed. Upon the contrary, such a sale would have deprived the family of the only piece of property which could have contributed to its support.

We are of the opinion, however, that no such power rests in the wife of an insane person, at least in reference to community property or the separate property of the husband.

The law provides for just such a case, and renders unnecessary the exercise of any such power by the wife.

The law provides for the appointment of guardians of the estates of persons of unsound mind, and habitual drunkards, as well as for the appointment of guardians of their persons. R. S., 2653–2670.

Article 2661, R. S., provides that: "The court by which any person of unsound mind or habitual drunkard is committed to guardianship may make orders for the support of his family and the education of his children when necessary." The general provisions applicable to other guardians are made applicable to the guardians of such persons and their estates so far as they may be applicable. R. S., 2660.

In respect to the separate property of a married woman, the statute provides that the husband and wife shall join in its conveyance. R. S., 559.

Whether a deed made by a husband and wife of the wife's separate property could be sustained, the husband being insane at the time of its execution, was considered in the case of Leggate v. Clark, 111 Mass., 308. In the course of the opinion the court said: "In the case at bar the husband joined in the deed of conveyance, but the jury have found that at the time he did so he was insane. Such consent was of no effect. The statute was designed, not only to enlarge the powers of the wife, but also to guard her interests by requiring the sanction and assent of her husband to the conveyance. It contemplates the intelligent assent of a sound mind, capable of contracting and advising; otherwise it loses its character as a protective enactment for the benefit and security of the wife's interests. The special provision that, in case of the husband's insanity, the assent of a judge of the supreme judicial, superior or probate court may be substituted for his, strengthens this conclusion, showing that it was the understanding of the legislature that the assent of an insane husband would not give validity to the deed of a wife." It is unnecessary to consider such a question in this case, and we refer to the case cited above to show how the insanity of a husband is regarded, in so far as it affects the validity of a conveyance which the law requires to be made by both the husband and wife.

There are two bills of exception found in the record, having reference to remarks of counsel in the argument of the cause in the court below; one of them is signed and filed by the judge, and the

other is signed and sworn to by three persons who were citizens of the state.

The trial occurred on March 5, 1884, and the paper purporting to be a bill of exceptions, last mentioned, was sworn to on March 12th, and filed on March 13th. The judge who tried the cause refused to sign or allow it as a bill of exceptions, but directed it to be filed.

This paper does not show that the persons who signed it were present when the facts in dispute occurred, and it does not appear that the certificate which they gave was given at the time the occurrence to which it relates transpired.

These things are requisite, and if for no other reason, for the want of these the paper cannot be recognized as a bill of exceptions. Houston v. Jones, 4 Tex., 170.

The remarks of counsel, contained in the bill of exceptions signed by the judge, while in form very complimentary to the appellant, were evidently not so intended and should not have been used; but it appears that the remarks of counsel for the appellant to which they were a reply were but little, if at all, less objectionable.

In such cases an appellant, who through his counsel has provoked the language used, is not in a situation to ask the reversal of a judgment on such a ground.

There is no error in the judgment, and it is affirmed.

Affirmed.

[Opinion delivered February 13, 1885.]