### J. F. Dick v. J. S. Collins et al.

#### Decided May 10, 1902.

**1.—Judgment—Action to Set Aside—Diligence.**

See petition in an action to set aside a judgment for mistake in the testimony of witnesses, held subject to demurrer because of failure to show sufficient diligence.

**2.—Same—Degree of Diligence.**

Where, after it has become apparent to a party that he must fail in his suit, he neglects to avail himself of all the means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, he can not have relief in a proceeding to set it aside. See facts illustrating the rule.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*Martin & Martin* and *Tarlton & Ayers,* for appellant.

*F. C. Highsmith* and *McCall & McCall,* for appellees.

STEPHENS, Associate Justice.—J. S. Collins and others sued J. F. Dick, January 16, 1900, in trespass to try title to recover 480 acres of land, a part of the William G. Malone survey of 1920 acres, and the usual damages in such actions. The case was tried May 18, 1901, which was Saturday, resulting in a judgment in their favor late that afternoon, and on Tuesday following, May 21, about 2 p. m., the court adjourned. This suit was instituted by J. F. Dick September 3, 1901,

against the plaintiffs in the original suit to set aside the judgment rendered therein and retry the issue. The court sustained a general demurrer and what were termed special exceptions to the petition, dismissing the suit, and from that judgment this appeal was taken.

The case made by the petition, if presented in a motion for new trial during the term at which the original judgment was rendered, would have entitled appellant to relief; for it appears not only that appellees (or most of them) were barred by the five years statute of limitation when the original suit was filed, which was the defense relied on, but also that this was shown on the trial of that case by the testimony of appellant and one other witness, while the three witnesses who testified to the contrary, and upon whose testimony alone judgment went against appellant, undoubtedly made a mistake of one year against appellant in fixing the time when he took possession of the land through his tenant, thus reducing the period of adverse possession to four instead of five years. This fatal mistake was freely admitted when this suit was brought, by each of the witnesses, and explained in the affidavit of one of them, the allegations of the petition leaving no room for doubt on this subject. But if we treat this as an accident, the question yet remains, was it an unavoidable one; that is, was it unmixed with fault or negligence on the part of appellant so as to bring the case within the strict rule on that subject announced in Bronson v. McReynolds, 77 Texas, 256; Merrill v. Roberts, 78 Texas, 28, and other cases there cited? We think not. Appellant knew that these three witnesses had been subpoenaed at the instance of appellees, and that they were in attendance as such; but his excuse for not finding out what their testimony would be was that he had been informed and believed that they had been subpoenaed alone on the issue as to improvements and as to value of the use and occupation of the land. He was therefore surprised when they testified, contrary to the fact, that he did not take possession of the land till the fall of 1895, but neglected to even suggest this to the court and ask for a postponement or continuance of the case. The excuse offered for this is that he did not know and never learned till after the court adjourned of any person by whom he could show that the testimony was false, the witnesses themselves not having discovered their mistake till after that time. It does appear from his petition, however, that he could have proven the true date when he took possession by numerous witnesses, to say nothing of the tenant who took possession for him, and whose absence was only accounted for by the statement that he did not at the time of the trial know of his "whereabouts," he having left the country. Indeed, he fails to show that he even talked with the witnesses, whose testimony had surprised him, before the court adjourned, and otherwise fails to allege, except in very general terms, what diligence he used during the two or three remaining days of the term to get evidence of the mistake. True he lived, and the land was situated, fifteen miles from Weatherford, where the case was tried, but, so far as the petition

shows, railway trains and telephone wires were available, and as he had just lost 480 acres of land by what he knew to be a mistake of appellees' witnesses as to the one essential fact so capable of proof, the date of his possession, it behooved him to act promptly or abide the loss. The following quotation from the opinion of Justice Gaines, speaking of what is required of one who brings a suit like this, in Bronson v. McReynolds, supra, seems pertinent here: "And if after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied."

The judgment must therefore be affirmed.

*Affirmed.*

Writ of error refused.