## SHOOK v. SHOOK.†

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1912. On Motion for Rehearing, March 9, 1912.)

1. JUDGMENT (§ 743*)—CONCLUSIVENESS.

A judgment in an action for divorce and partition of community property, wherein plaintiff alleges and defendant denies that certain property is the separate property of the wife, awarding such property to the wife as her separate property, is res judicata in a subsequent action between them involving the title to that property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1275–1277; Dec. Dig. § 743.*]

2. JUDGMENT (§ 948*)—DEMURRER—RES JUDICATA.

An objection that a prior judgment is res judicata may be taken by demurrer, where it appears on the face of the petition that the prior judgment is a bar to the action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1794; Dec. Dig. § 948.*]

3. JUDGMENT (§ 725*)—CONCLUSIVENESS.

A judgment is conclusive as to all matters in issue, either expressly or by necessary implication, which must have been decided in order to support the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1255; Dec. Dig. § 725.*]

4. EQUITY (§ 447*)—BILL OF REVIEW—CONDITIONS PRECEDENT.

A bill in equity to review a judgment in another action on the grounds that the court excluded evidence of a material issue, stating that he would instruct the jury to find for the plaintiff on that issue, but, instead of so instructing them, gave a peremptory instruction adverse to plaintiff, and that plaintiff was prevented from having such matter properly presented to the appellate court by qualifications added to the bill of exceptions by the trial judge, and not called to plaintiff's attention until it was too late to prepare other bills of exceptions, cannot be maintained, where it does not appear that plaintiff made any attempt to have bills of exceptions attested by bystanders as permitted by statute at the time such testimony was excluded and peremptory instruction given, or that he made any attempt to ascertain whether the judge had made any qualifications in the bills of exceptions, or filed them, until after the argument of the appeal, since plaintiff did not avail himself of all means of properly presenting the matter to the appellate court for review and correction, which is an essential prerequisite to the maintenance of a bill of review.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1091–1094; Dec. Dig. § 447.*]

5. TRUSTS (§ 43*)—PAROL—VARYING WRITING.

Where a deed to a wife recites that it is to be her separate property, and to be held for her own use and benefit, the husband cannot show by parol that it was the intention of himself and his wife that she should hold it in trust for the community estate, in an action where the petition shows that the object of this arrangement was to place the property beyond reach of creditors.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

6. EXCEPTIONS, BILL OF (§ 54*)—PROCURING SIGNATURES OF BYSTANDERS.

A bill of exceptions attested by bystanders as permitted by statute must be prepared, sworn to, and filed at the time of the occurrences of the matters to which it relates, and must show that it was first presented to the trial judge and refused by him.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 89; Dec. Dig. § 54.*]

### On Motion for Rehearing.

7. DIVORCE (§ 172*) — CONCLUSIVENESS — EXTENT.

In an action for divorce, plaintiff asked for partition of the community property, and alleged that certain property was her separate property, which defendant denied. On the trial, defendant attempted to prove that certain improvements on the property were paid for out

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

of community funds, which was excluded on grounds other than its nonadmissibility under the pleadings. The judgment awarded the property to plaintiff as her separate property. *Held*, that the judgment was conclusive against defendant's right to a lien on the property for a share of the improvements; the evidence offered indicating that at that time defendant considered that question to be in issue.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 559–561; Dec. Dig. § 172.*]

8. PLEADING (§ 8*)—FACTS OR CONCLUSIONS.
    In a bill to review a former judgment, allegations that the only issue in the former action was that of title, and that plaintiff's right to an equitable lien on the property involved was not in issue, are mere conclusions of the pleader.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Appeal from District Court, Navarro County; H. B. Davis, Judge.

Action by J. O. Shook against Carrie B. Shook. From a judgment for defendant on a demurrer to the petition, plaintiff appeals. Affirmed.

W. W. Ballew, for appellant. Richard Mays, for appellee.

TALBOT, J. This suit was instituted by the appellant against the appellee on the 11th day of June, 1910; to partition a certain lot or parcel of land situated in the city of Corsicana, Tex., which is fully described in the petition, and to review a judgment rendered in the case of Shook v. Shook, 125 S. W. 638, in which suit the plaintiff and defendant herein had been divorced and the property in controversy had been awarded to the defendant herein as her separate property. It was alleged that, if the plaintiff was not entitled to a review of the former judgment and to partition of the entire property, he was entitled to recover a judgment against the defendant for one-half of the value of the improvements which had been erected upon said lot with the community funds of said J. O. Shook and Carrie B. Shook after the original purchase of said lot; that said improvements were of the value of $6,860.75, and that plaintiff's interest therein was $3,430.37½; that the value of said improvements was a valid charge and an equitable lien upon all of said property, and that plaintiff was entitled to one-half interest therein, and for foreclosure of an equitable lien upon said property. On the 28th day of November, 1910, the defendant filed her first amended original answer, and the cause was called for trial. The court sustained a general demurrer to plaintiff's petition. Plaintiff was granted leave by the court to file a trial amendment, which was filed on November 29, 1910, and the defendant then urged a general demurrer to the original and amended petitions, which was by the court sustained. Plaintiff declining to further amend, his suit was dismissed, and judgment was rendered that he take nothing

by his suit; that defendant go hence without day and recover of and from plaintiff all costs, for which execution was ordered. To this action and judgment of the court plaintiff excepted and perfected an appeal to this court.

The assignments of error are to the effect (1) that the trial court erred in sustaining defendant's general exceptions to plaintiff's original and amended petitions, and in holding that the cause of action alleged by the plaintiff herein was res adjudicata, and had been determined in the original suit of Carrie B. Shook v. J. O. Shook; (2) that the court erred in sustaining defendant's general exceptions to plaintiff's original and amended petitions, and in holding that said petitions were insufficient to show a cause of action as a bill of review of the original judgment in the case of Carrie B. Shook v. J. O. Shook.

The allegations of plaintiff's petitions are substantially as follows: That plaintiff and defendant were formerly husband and wife, having married in 1886, and were divorced on the 8th of December, 1908. That in 1896 plaintiff purchased from W. S. Riddle certain business property, being 25x150 feet of land, at corner of Beaton street and Third avenue, in the city of Corsicana, Tex. That, owing to the fact that there were outstanding judgments against plaintiff, valid on their face, though void for the want of legal personal service, and for fear that if he purchased said property in his own name, or in that of the community estate of himself and wife, executions might be levied upon it, after consultation with and advice of counsel he had the legal title to the property conveyed to his wife, in trust for the community. That the property was purchased and paid for wholly with community funds of plaintiff and defendant, but the legal title was conveyed to Carrie B. Shook, and the deed recited that the property was purchased and paid for with her separate estate, and that the deed recited that said property was conveyed to her for her separate use and benefit, but that the purpose of said conveyance was to convey the apparent legal title to Carrie B. Shook, to be held in trust for the benefit of the community. That a resulting trust was thereby created for the use and benefit of the community estate in said property. That, after said property was so purchased, a two-story brick building was erected thereon, and wholly paid for out of community funds, and the amount of expenditure for said purpose was $6,860.75, and that plaintiff was entitled to one-half thereof, and that the lots were worth $2,000 without improvements. That in March, 1908, defendant herein, Carrie B. Shook, instituted in the district court of Navarro county, Tex., a suit against J. O. Shook, plaintiff herein, for divorce, custody of the children, and to re-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

cover from plaintiff certain property, which she alleged to be her separate estate, and for the partition of all community; and the property above described herein was alleged in said divorce suit to be the separate estate of defendant herein (Mrs. Shook). The plaintiff herein (J. O. Shook) in said divorce suit denied that any of the property was the separate estate of defendant herein (Mrs. Shook), but alleged that said property was the community estate of the marital partnership theretofore existing between said parties, and alleged that all of said property had been purchased during the existence of said marriage, and paid for with community funds. Plaintiff herein, who was defendant in said divorce suit, alleged that while the title to said real estate was apparently vested in plaintiff therein (Mrs. Shook) it was purchased with community funds, and the title was taken in the name of Carrie B. Shook, to shield it from unjust and illegal judgments against him. That on the trial of said divorce suit, after plaintiff therein (Carrie B. Shook) had testified in the case, her testimony being to the effect that neither party had any property when they married, and the property involved had been acquired during their marriage and paid for with community funds, and after all deeds had been offered, and plaintiff had rested her case; and while defendant therein (J. O. Shook), plaintiff herein, was testifying as a witness, he was asked to state the value of each separate parcel or piece of real estate alleged to be the separate estate of Carrie B. Shook, which question was answered. That said defendant in said divorce suit was then asked to state how long after the Riddle property was purchased before the brick storehouse was erected thereupon, and how the same was paid for, whether out of community funds or separate estate of Carrie B. Shook. That before the question could be answered the court interfered, and stated that it was not necessary for the question to be answered, that the plaintiff had testified that neither party owned anything when they were married, and that all property involved had been acquired since marriage and paid for out of community funds, and that he would instruct the jury that all property was community property, and that it was not necessary to go any further into the question; and the court did not permit the defendant in said divorce suit to offer any evidence to show that the existing judgments against him were void for want of service, or were unjust, illegal, and barred by limitation, and would not allow any evidence to show when the brick storehouse was built, and how the same was paid for, or what the same cost, and the issue tendered by defendant (J. O. Shook) in said divorce suit, as to the status of said property, was not allowed, under the ruling of the court thus made, to be established by the evidence which defendant proposed to offer. That while waiting for a witness for plaintiff (Carrie B. Shook) in said divorce suit the court discharged the jury until 2 p. m., and called counsel for each party therein to his desk for conference as to the issues of law to be submitted to the jury, and, after conference with counsel, the court announced that upon the questions of property rights he would charge the jury that all property involved was community estate. That after the evidence was closed counsel for plaintiff (Mrs. Shook) in said suit began an extended legal argument as to the property rights, when the court interfered, and stated that it had been understood before noon that he would charge that the property was community, and he did not care to hear argument further, but counsel insisted upon making argument, and did so at great length. That counsel for defendant (J. O. Shook) only replied in a few moments' discussion, as the court suggested that he did not care to hear from counsel for defendant further, indicating by his remark that he agreed with them upon the law, and argument by defendant's counsel was then addressed to the jury. That the court first prepared a charge to the jury to the effect that all the property was community property, but from some cause changed his mind, and gave a peremptory instruction to the jury to the effect that the real estate, except the residence, was the plaintiff's separate estate. That counsel for defendant in said divorce suit was not made aware of the change of the views upon the part of the court until just before the charge to the jury was delivered, and as soon as counsel discovered that the court had changed his views, and was going to charge the jury that the property was separate estate, counsel called attention of the court to the fact that the court had misled counsel all through the trial as to what his charge would be, and that, if he intended to so instruct the jury, the counsel for defendant desired to reopen the case upon the evidence, in order to show that there were no valid judgments existing against him, and that defendant had the right to shield his property from unjust claims; and to show that the brick house on the Riddle lot was erected after the same was purchased, and that it was built and paid for from the proceeds of community estate. That the court replied that the evidence was closed, and he would not reopen the case. That defendant therein filed a motion for a new trial, setting up the action of the court in refusing to hear evidence, etc. That defendant (J. O. Shook) appealed said case, and prepared full bill of exceptions, complaining of said ruling. That said bills of exception, with the qualifications made thereon by the court, were filed on March 25, 1909. That upon said appeal the verdict of the jury and judgment of the court in the divorce case was affirmed. That because of the qualifications made by the trial judge to said bill of exceptions this plaintiff was deprived of a fair and lawful hearing upon the

appeal of said divorce suit. That the issues raised in said original divorce suit by defendant J. O. Shook were not passed upon, nor adjudicated, but through the action of the court defendant was denied a trial upon the facts and issues raised before the jury, and deprived of a fair hearing upon appeal.

Plaintiff further alleged that, upon the trial of the divorce suit, the issue tendered by the pleadings was one of title only as to the real estate, and as to the lot in controversy, and that it was not made an issue as to whether plaintiff was entitled to an equitable lien upon the lot involved, to the extent of one-half the value of the improvements, erected on the lot, as his interest in the community assets, invested in the erection of said building, and his equitable right to have said lien established and foreclosed, and that, though it should be held that the divorce judgment is res adjudicata as to the lots in controversy, and that the legal title to said lots is vested in Carrie B. Shook, both by deed and by judgment of the court, still plaintiff is entitled to show that the improvements made upon said lot have been made and paid for out of the community estate of plaintiff and defendant, and that the value of said improvements is a charge against, and an equitable lien, upon, all of the real estate, buildings, etc., and that plaintiff is entitled to use his interest therein, and his equitable lien thereon, to the amount of $3,430.87½, and to have same foreclosed. That "under the pleadings and evidence in the divorce suit, and issues submitted in the charge to the jury, the court confined and limited the issues to the legal title to said property, as shown upon the face of the deeds of conveyance, and did not and would not submit to the jury the question of a trust for the benefit of the community estate involved in the acquisition of said property, nor as to whether the judgments against plaintiff were void, illegal, unjust, or barred by limitation, or enforcible, and that the issues were not and could not have been determined by the jury under the ruling of the court, and the affirmance of said judgment by the Court of Civil Appeals, without the fact having been submitted to, and determined by a jury, under proper charge by the court, is illegal and void, and said judgment of affirmance is in direct violation of constitutional rights, guaranteed under and by virtue of section 15, art. 1, of the state Constitution, and sections 17 and 19, art. 1, of the state Constitution, in this: That said judgment of affirmance, without a trial by jury upon the fact and issues involved being submitted to and determined by a jury, is not due process of law, and is a taking of plaintiff's property without compensation, without process of law, or trial by jury, and that, while the action of the Court of Civil Appeals and the district court could not be reviewed by the Supreme Court in said original suit,

nevertheless, this plaintiff is entitled herein to a bill of review of said entire judgment, upon the grounds that, through the illegal action of the district court and the Court of Civil Appeals in affirming the action of the district court, he had been denied the constitutional rights and guaranty of trial by jury and due process of law in not being permitted to have the issues of fact, as to the validity or invalidity, the justness or unjustness, of the claims, from which he was shielding his community property, in the creation of trust in favor of the community estate, passed upon by a jury. That by the action of the district court in the original divorce suit in giving the peremptory charge to the jury that all real property involved, except the homestead, was the separate property of Carrie B. Shook, and that the court and jury could not inquire into the question, or as to the invalidity or enforcibility of the claim, from which plaintiff herein was shielding his property, by having the legal title thereto conveyed to Carrie B. Shook, in trust for the community estate, and of the Court of Civil Appeals in affirming said judgment of the district court, this plaintiff has been denied the legal protection and rights guaranteed to all citizens of the United States under the Constitution of the United States, and especially under the fourteenth amendment thereto, as this plaintiff is entitled to a fair and impartial trial by a jury upon all questions of fact relating to his property rights, and that he has been deprived of the use and benefit and title to his property without compensation, trial by jury or due process of law, and the affirmance by the Court of Civil Appeals of a judgment of the district court, denying constitutional guaranties, or depriving a party of his constitutional guaranty under guise and form of law, from which judgment of affirmance by the Court of Civil Appeals there is no provision for writ of error to the Supreme Court, is not due process of law."

Plaintiff prayed: That the court reopen and review the judgment in the case of Carrie B. Shook v. J. O. Shook, and that the issues as to the illegality of the judgments against plaintiff, from which he was seeking to shield his property, when he had the lot in controversy conveyed to Carrie B. Shook, in trust for the community estate, be heard upon the facts, evidence, and merits. That judgment be rendered, setting aside said divorce judgment, rendered on December 8, 1908. That said issues, as herein alleged and pleaded, be submitted and tried, and that judgment be rendered establishing the trust created for the use and benefit of plaintiff and defendant in the original purchase and acquisition of the property. That the deed to Carrie B. Shook from Riddle be canceled and held for naught. That the legal title to said property be decreed to be vested in plaintiff and defend-

ant herein jointly. And that defendant Carrie B. Shook be ordered to execute the trust created and established in the original acquisition of said lot. That commissioners of partition be appointed. That, if plaintiff be not entitled to the relief above prayed for, then that he be awarded judgment for $3,430.37, as the value of one-half interest, in the value of the improvements made upon said lots. That it be fixed as a lien upon said property, and the lien foreclosed thereon, and the property be ordered sold thereunder, as provided by law, to satisfy said judgment, and also for one-half of the rent of said building and property from January 1, 1909, amounting to the sum of $575.

[1] We are of the opinion that the court did not err in holding that it appeared upon the face of the plaintiff's petition that all the ·matters therein alleged as constituting his cause of action had been adjudicated in the suit of Carrie B. Shook v. J. O. Shook, mentioned in the pleadings, and therefore res adjudicata.

[2] This being true, the question could be raised by general demurrer, and not as contended by appellant, alone by special plea in bar. It is distinctly alleged in plaintiff's petition that the defendant in this suit instituted a suit in March, 1908, against the plaintiff herein for divorce, custody of the children, and to recover from plaintiff certain property, which she alleged to be her separate estate, and for the partition of all community property, and the property above described herein was alleged in said divorce suit to be the separate estate of defendant herein (Mrs. Shook); that the plaintiff herein (J. O. Shook) in said divorce suit, denied that any of the property was the separate estate of defendant herein (Mrs. Shook), but alleged that said property was the community estate of the marital partnership theretofore existing between said parties, and alleged that all of said property had been purchased during the existence of said marriage, and paid for with community funds. Plaintiff herein, who was defendant therein, alleged that, while the title to said real estate was apparently vested in plaintiff therein (Mrs. Shook), it was purchased with community funds, and the title was taken in the name of Carrie B. Shook to shield it from unjust and illegal judgments against him; that on the issue thus tendered in the said divorce suit the defendant therein was denied the right on the trial of said suit, although the same was offered by him, to introduce evidence to show that several years after the lot involved in the present suit was purchased from Riddle and wife, the defendant, J. O. Shook, erected thereupon a two-story brick building which was wholly paid for out of community funds of plaintiff and defendant in said divorce suit at a total cost of $6,860.75, and that he was not permitted to show that, although the legal title to said property was vested in the plaintiff in said divorce suit, yet it was, in fact, purchased with community funds and so vested in trust for the benefit of the community estate of Carrie B. Shook and J. O. Shook, for the purpose of shielding it from unjust, illegal, and void judgments rendered against the said J. O. Shook. Under these and other allegations of the plaintiff's petition, the proposition of plaintiff to the effect that whether or not the improvements made by him on the lot in question were made out of funds belonging to the community estate of himself and Carrie B. Shook, and that therefore he was entitled to an equitable lien thereon to the amount of $3,430.37½, being one-half of the value of said improvements, was not an issue in the divorce suit, and not determined therein, cannot be maintained. If it can be said that this alleged equitable lien and right of the plaintiff to have it enforced against the lot was not directly in issue in the divorce suit, it cannot successfully be denied, we think, that under the allegations of plaintiff's petition to the effect that in said divorce suit the plaintiff therein on the one hand alleged that said property was her separate property, and that the defendant therein by his answer asserted that it was not, it was at least a subsidiary issue. Mr. Freeman in his excellent work on Judgments says: "It is not necessary to the conclusiveness of the former judgment that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment."

[3] Every point which has been either expressly or by necessary implication in issue, which must necessarily have been decided in order to support the judgment or decree, is conclusive. Again, in section 304, he says: "All questions of title and of possession may be finally determined in a suit for partition. A judgment in such a suit establishes the title to the land partitioned, and is conclusive upon any adverse claim of title or of possession, existing at the date of its rendition. The law requires the court to ascertain and determine the rights of the parties, and makes it the duty of the parties to disclose their adverse claims. The decree necessarily affirms that the parties to it are tenants in common, joint tenants, or coparceners." Now, it is a clear inference from the allegations of plaintiff's petition, if not expressly so alleged, that in the divorce suit of Carrie B. Shook against J. O. Shook a partition of their property was asked and decreed; that in said partition the property involved in this suit was awarded to the said Carrie B. Shook as being her separate property, and not the community property of herself and husband. In such a proceeding the judgment rendered is conclusive as to any claim of the husband against the property set apart to the wife, which he knew existed at the time the judgment was rendered. Wheth-

er the property in question in this suit was the separate property of Carrie B. Shook or the community property of herself and her husband, J. O. Shook, was a question to be determined in the divorce suit, and if the defendant, J. O. Shook, had any claim against the community estate of himself and wife or lien against said property for community funds expended by him in the erection of improvements thereon, such claim might and should have been pleaded, and, if it was not, the judgment rendered in said suit definitely and finally negatives the existence of any such claim, and bars a subsequent action upon it. To hold such a claim against the wife in reference to the common property or her separate lands, which was known to exist and which entered into and affected the very matter in controversy, and not assert it in a suit for partition, "would be inconsistent with what was there determined." This view is sustained by the case of Moor v. Moor, 31 Civ. App. 137, 71 S. W. 794, in which a writ of error was denied by the Supreme Court. That the plaintiff's claim, however, to a lien upon the property in controversy to secure a reimbursement of his one-half of the amount of the community funds expended in building the house upon said property was directly put in issue in the divorce suit is manifest from the allegations of his petition filed in this suit, and he was properly denied the right by the action of the district court to relitigate that matter in this action.

[4] We are further of the opinion that the trial court committed no error in holding that the allegations of plaintiff's petitions did not show such a state of facts as entitled him to a review of the judgment rendered in the divorce suit of Carrie B. Shook and new trial of the issues therein involved. It is a well-established rule that a court of equity will not interfere to set aside a judgment and grant a new trial "except upon a showing of strict diligence in the presentation of the cause and upon proof that after doing all that such diligence required to be done, he had been deprived by fraud, accident, or mistake or other uncontrollable circumstance of the opportunity of properly presenting the case upon the trial." And that, if after it has become apparent that he must fail in his suit he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986; Johnson v. Templeton, 60 Tex. 238; Nichols v. Dibrell, 61 Tex. 539; Harn v. Phelps, 65 Tex. 592; Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Woolley v. Sullivan, 43 S. W. 919; McLane v. San Antonio Nat. Bank, 68 S. W. 63; Dick v. Collins, 30 Tex. Civ. App. 12, 68 S. W. 1015. In the first case cited it is said: "That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by cir-

cumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest." Has the appellant by the allegations in his petition shown such a case? We think this question should be answered in the negative.

[5] The allegations of plaintiff's petition showing that the title to the property in controversy was placed in Mrs. Shook by a deed reciting, in effect, that it was to be her separate property and to be held by her for her own use and benefit, etc., and that the same was done to place it beyond the reach of his creditors, plaintiff was not entitled to show by parol evidence in a court of equity, in order to defeat the legal import and effect of such deed, that it was the intention of himself and wife at the time of the execution thereof that the land therein described should be held by Mrs. Shook in trust for the benefit of the community estate of herself and her husband (Shook v. Shook, 125 S. W. 638; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825; Lott v. Kaiser, 61 Tex. 665); and that the alleged action of the trial court in reference to the exclusion of evidence offered by plaintiff in the divorce suit upon the issue therein as to whether or not the improvements made upon the property involved in this suit were paid for out of community funds belonging to Mrs. Shook and plaintiff, if true (and for the purposes of the general demurrer they must be taken as true), would have entitled the said J. O. Shook to a new trial at the hands of the trial court in said divorce suit, need not be denied. If the court's ruling in this respect was wrong, then, as said in the case of Brownson v. Reynolds, supra: "An appeal properly presenting the question would have secured relief and rendered the resort to an equitable action unnecessary." Plaintiff alleged that he filed a motion for new trial, which was overruled, and that he appealed from the judgment rendered against him in the divorce suit, but he does not show, in our opinion, that he availed himself of all the means at his disposal to arrest and vacate said judgment after it was rendered. On the contrary, the allegations of his petition show, or the inference to be deduced therefrom is, that the case was so prepared for appeal that the alleged erroneous, biased, or fraudulent action of the trial court with respect to the exclusion of evidence offered to show that the improvements made upon the lot in controversy were paid for with community funds, and with respect to the court's action in charging the jury that the property herein in controversy was the separate property of Mrs. Shook, was not presented on said appeal for review and revision by the Court of Civil Appeals. Plaintiff alleges that he prepared full bills of exception, as required by law, gave them to the court, as provided by rules of courts and statutes, and requested their approval and filing by the court, if found to be correct,

and if the court, after examination, found any error therein, to call the attention of counsel thereto, in order that counsel might confer with the court over any change or alterations, and, if necessary, prepare bill as provided where court and counsel do not agree; that the court received said bills of exception, kept same, and never at any time· called counsel's attention to any error or inaccuracies therein, or changes desired, and finally, on March 25, 1909, filed the same with the district clerk, with qualifications that absolutely nullified and destroyed every bill of exception relating to the action of the court, upon the trial of said cause; that in the meantime counsel for defendant in said suit had prepared the brief upon appeal and filed same in the district court, and Court of Civil Appeals, from duplicate bills of those tendered to the court, after having been assured by the court that he would approve and file the bills, if correct, or call upon counsel if not correct, before filing; that counsel for defendant in said original suit did not learn of the action of the court in filing said bills, "until long after the time when same should be filed, and in destroying same only after the case had been affirmed in the Court of Civil Appeals, when the record was obtained for purposes of preparing motions for rehearing, and when too late to prepare bills under the statutes"; that by the action of the district judge upon the trial of said divorce suit, whether through design, or mistake of fact, or prejudice against this defendant, he was denied a trial upon hearing of the case upon the issues made and tendered in the divorce suit, and that without fault or negligence of himself or counsel, but through the ruling and action of the court, in misleading defendant and his counsel in said divorce suit, by declining to hear evidence in defendant's behalf, upon the ground that it was unnecessary, and in thereafter charging the jury to return a verdict for plaintiff, and in fraudulently withholding bills of exceptions, and filing them long after time had expired, after having assured counsel that he would approve and file them in time, or call attention to any correction necessary to be made, and then fraudulently certifying to a qualification that no facts had been offered or questions raised until raised in motion for a new trial. Plaintiff did not, however, allege that he or his attorney called upon the court for said bills of exception or otherwise used diligence in respect to having them filed in the preparation of his case for appeal. He does allege, in effect, that he prepared his brief without knowing how the trial court had dealt with them or whether the court had filed them at all; that he had the record for appeal made up without examining said bills, and says he never learned of the action of the district court in regard to the bills of exception, until

145 S.W.—45

after said cause had been heard in the Court of Civil Appeals and affirmed. Again, plaintiff does not allege that, when the action of the court in regard to the exclusion of evidence offered by him. and in charging the jury in the divorce suit that the property involved in this suit was the separate property of Mrs. Shook occurred, he then demanded time to prepare and have filed bills of exception to such action, and that time was denied him to do so. Nor does he allege that he was then prevented, or for some unavoidable cause was unable to procure, as provided in article 1369 of the Statutes of 1895, the signature of bystanders attesting the correctness of the bills of exception prepared by him. On the contrary, the effect of his allegations is that he prepared and presented to the court the bills of exception at some subsequent time. and relied solely on the promise of the district judge to sign and have them filed as prepared or to call his attention to any alterations that might be made, and did nothing towards preparing his bills of exception and procuring the signature of bystanders attesting their correctness at the time the matters complained of transpired. Now, ·under the rigid rule that courts of equity will not interfere and grant a party to a judgment a new trial, "except upon a showing of strict diligence" to avail himself of all the means and legal remedies at his disposal to arrest the judgment and vacate it after it has been rendered, we are not prepared to say that the allegations of the plaintiff's petition show a compliance with this rule. It is quite clear under the decisions of this state that the plaintiff failed to avail himself of all the means at his disposal to present to the Court of Civil Appeals for review and correction the alleged action of the trial court in regard to the exclusion of evidence and his charge to the jury in the trial of the divorce suit. His allegations show that by the bills of exception filed in that court no such action as he asserts was taken by said judge. Consequently the judgment of the Court of Civil Appeals as to the correctness of any such action was not invoked on the appeal in the divorce suit. Had plaintiff availed himself of the remedy afforded him by statute to demand the court's approval or rejection of his bills at the time the rulings complained of occurred, and, in case of their rejection, ·to have them proved up by bystanders as prescribed by the statute, such rulings could have been reviewed by the Court of Civil Appeals and the relief here sought obtained, if proper, and rendered an equitable action therefor unnecessary. But, having failed to prepare bills of exception reflecting his version of what occurred and the court's rulings in regard thereto, and to have them proved up by bystanders as prescribed by the statute, at· the time ˙the facts in dispute occurred, the plaintiff was

in no position thereafter to secure such bills.

[6] For it is held by our Supreme Court that a bill of exceptions authenticated by bystanders must first show that it had been presented to the judge on the trial, and that he had refused to sign it and certified the cause of such refusal; that then the certificate of the bystanders must show on its face that the persons signing were bystanders; that they were present when the facts in dispute between themselves and the judge occurred in court, and must point directly to the matter in issue; that the certificate must be given at the time of the occurrence of the fact certified to, when the impression was formed from such fact, without being liable to be molded by the out-of-door opinions as to what those facts were. Houston v. Jones, 4 Tex. 170; Heidenheimer v. Thomas, 63 Tex. 287; Dehougne v. Western Union Tel. Co., 84 S. W. 1066. In the last case cited it is held by this court that, to meet the requirements of the statute, the bill must be prepared, sworn to, and filed at the time of the occurrence of the matters to which it relates transpired. This being the law, the failure of the trial court to sooner file the bills of exception alleged to have been filed by him in the divorce suit deprived plaintiff of no legal right, and resulted in no injury to him of which he can now complain, and the charge in this suit to the effect that the bills filed by the court did not correctly state the facts to which they related and did not therefore present the meritorious question involved, whereby he was unjustly deprived of a revision of such question by the Court of Civil Appeals and probable reversal of the judgment appealed from, can avail him nothing in this suit. Bills of exception proved up by bystanders subsequent to the time at which the proceedings excepted to transpired could not have been considered on the appeal in the divorce suit.

It follows from what has been said that in our opinion the defendant's general demurrer was properly sustained, and that the judgment of the court below should be affirmed. It is therefore accordingly so ordered.

Affirmed.

## On Motion for Rehearing.

[7] Appellant strenuously insists that we erred in concluding that the trial court did not err in holding that it appeared upon the face of the plaintiff's petition that all matters therein alleged as constituting his cause of action had been adjudicated in the suit of Carrie B. Shook v. J. O. Shook, and treats in his argument the language of this court in closing the discussion of that question as an erroneous finding of fact and asks a correction of the same. The language referred to is as follows: "That plaintiff's claim, however, to a lien upon the property in controversy to secure a reimbursement of his one-half of the amount of the community funds expended in building the house upon said property was directly put in issue in the divorce suit, is manifest from the allegations of his petition filed in this suit, and he was properly denied the right by the action of the district court to relitigate that matter in this suit." We did not intend to be understood, by the use of this language, as asserting that it appeared upon the face of plaintiff's petition in this suit that he had expressly alleged in the divorce suit between himself and wife, that the brick storehouse and improvements claimed by him to have been erected on the lot purchased from Riddle and wife were erected thereon after the purchase of the same and paid for out of the community funds of plaintiff and defendant and that the said J. O. Shook had a lien upon said lot to reimburse himself for his one-half of such fund. The language was intended to express our deduction from all the allegations of plaintiff's petition that the issue of the alleged lien and right of reimbursement was put in issue in the divorce suit. It is expressly alleged in plaintiff's pleadings, touching this matter, that on the trial of the divorce suit, and while the plaintiff was testifying as a witness, he was asked to state the value of each separate parcel of real estate alleged to be the separate property of Carrie B. Shook, which question was by him answered, and that he was then asked, "How long after the Riddle property was purchased before the brick storehouse was erected thereupon and how was the same paid for, whether out of the community funds or separate estate of Carrie B. Shook?" that, "before the question could be answered, the court interfered and stated that it was not necessary for the question to be answered, that the plaintiff had testified that neither party owned anything when they were married, and that all property had been acquired since marriage, and paid for out of community funds, and that he would instruct the jury that all property was community estate, and that it was not necessary to go further into the question, and that the court would not allow the defendant in said divorce suit to offer any evidence to show when the brick storehouse was built and how the same was paid for, or what the same cost."

Again, after alleging that the court first prepared a charge to the jury to the effect that all property was community property, but from some cause changed his mind and gave a peremptory instruction to the jury to the effect that the real estate, except the residence, was plaintiff's (Carrie B. Shook) separate estate, plaintiff further alleges that as soon as counsel discovered that the court had changed his views, and was going to charge the jury that the property was separate property, counsel called attention of

the court to the fact that the court had misled counsel all through the trial as to what his charge would be, and that defendant desired to reopen the case upon the evidence in order to show that there were no valid judgments existing against him, and that defendant had the right to shield his property from unjust claims, and to show that the brick storehouse on the Riddle lot was erected long after same was purchased, and that it was built and paid for from the parcels of community estate; that "the court replied that the evidence was closed, and he would not reopen the case." It will be observed that the pleadings do not show that the testimony offered was excluded because of the want of allegations to authorize it, but for other reasons stated, and if the issue, as to the building of the brick storehouse with community funds after the purchase of the Riddle lot and plaintiff's right to recover one-half of said fund was not regarded then by J. O. Shook and his counsel as being involved in the divorce suit, it is difficult to understand why the efforts alleged to introduce said testimony were made.

[8] Plaintiff in the present suit did allege, in effect, that the only issue involved in the divorce suit was "one of title only as to the real estate and as to the lot in controversy herein, and that it was not made an issue therein that plaintiff was entitled to an equitable lien upon and against the lot involved herein to the extent of one-half the value of the improvements erected upon said lot after the purchase of the same." These allegations merely reflect in our opinion an incorrect conclusion of the pleader, and not the actual fact in regard to the matter to which they relate.

That it appears from a fair interpretation of plaintiff's pleadings that the issue here referred to was involved in the divorce suit between the plaintiff and defendant is a question about which we think there can be no serious doubt.

We are also satisfied that our opinion in this case is not in conflict with the cases cited by appellant, or other opinions of our appellate courts upon the same subject.

Appellant's motion for a rehearing is therefore overruled.