## ROBIN v. ROBIN.

### No. 3125.

Court of Civil Appeals of Texas.
Beaumont.

May 6, 1937.

Rehearing Denied June 23, 1937.

John H. Benckenstein and Jack M. Moore, both of Beaumont, for appellant.

Edward C. Carrington, of Beaumont, for appellee.

COMBS, Justice.

This suit is in the nature of a bill of review seeking to set aside and annul a judgment granting appellee a divorce from the appellant and awarding her custody of two minor children.

It appears that the divorce suit was filed by the appellant as plaintiff in the Sixtieth district court of Jefferson county. He sought divorce and custody of the children. The appellee, as defendant, answered the petition and by cross-action she prayed for divorce and for custody of the children. Upon a trial to a jury the issues were answered against the plaintiff and in favor of the defendant. The trial court entered judgment denying plaintiff's petition and awarding the defendant judgment on her cross-action for divorce and custody of the children. That judgment was entered February 15, 1936. It was not appealed from. On October 8, 1936, after the time for appeal or writ of error had expired and the judgment had become final, appellant filed this suit seeking to vacate and annul the judgment on the ground that defendant's pleadings were insufficient to support the divorce decree in that they failed to allege that she had been a bona fide inhabitant of this state for one year next preceding the filing of her petition, and also that she failed to allege the place of residence of the children, as required by the statute (Vernon's Ann.Civ.St. arts. 4631, 4639a). It was also charged that the proof failed to show the jurisdictional facts. The bill was denied by the trial court after a hearing.

We think the judgment of the trial court was correct. In the first place, it is our conclusion that the pleadings in the divorce case, when viewed as a whole, did allege the essential jurisdictional facts. And the evidence shows that proof was made to the effect that plaintiff and defendant were married in Jefferson county, Tex., in 1929, and that they had lived in said county ever since, and that their children had lived with them. And so the contention that the decree under attack was void because of the failure of pleadings and proof to establish essential jurisdictional facts is without merit.

But, regardless of whether or not the pleadings and evidence were insufficient in the respects charged, the plaintiff was in no position to attack the judgment by bill of review on such ground. He participated in the trial of the divorce case, and he should have appealed from the judgment if he desired to have it reviewed. Not having done so, he cannot now accomplish that purpose by a bill of review. It is not contended that the court did not in fact have jurisdiction, or that fraud was

practiced, but only that there was a failure to plead and prove jurisdiction.

For errors of law appearing on the face of the record, the proper remedy is by appeal or writ of error, and not by a suit to set aside the judgment. Shook v. Shook (Tex.Civ.App.) 145 S.W. 699 (writ refused). And one who seeks by suit to set aside a judgment against him must show that he had not failed to avail himself of his right of appeal, else relief will be denied. Shook v. Shook, supra; Myers v. Pickett, 81 Tex. 53, 16 S.W. 643; Nichols v. Dibrell, 61 Tex. 539; Brownson v. Reynolds, 77 Tex. 254, 13 S.W. 986.

Judgment affirmed.