## NEELY et al. v. NEELY.

### No. 4892.

Court of Civil Appeals of Texas. Amarillo.

April 25, 1938.

Rehearing Denied May 30, 1938.

See, also, 52 S.W.2d 927.

Lester C. Boone and M. Kleberg, both of Fort Worth, for appellants.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellee.

FOLLEY, Justice.

This suit was filed in November, 1936, by the appellants, hereinafter named, who are the children of W. S. Neely, to have set aside and declared void a judgment in Cause No. 89275, styled W. S. Neely v. J. R. Neely et al., rendered formerly in the same court in which this suit originated. The judgment attacked was dated June 27, 1933. In such 1933 judgment Josephine Neely, wife of W. S. Neely, recovered from the appellants title to certain lots in the city of Fort Worth. The suit in such case was originally filed by W. S. Neely against the appellants. The appellee herein, Mrs. Josephine Neely, filed a plea in intervention in said cause. All the parties of the 1933 judgment are parties to the present suit except W. S. Neely, who, appellants alleged, but failed to prove, is deceased.

The basis of appellants' attack upon the 1933 judgment was that under the pleadings of Josephine Neely, the court did not have jurisdiction of the parties or the subject matter of the suit. Appellants pleaded that in Mrs. Neely's plea in intervention, her husband, W. S. Neely, was joined only as a party "pro forma", which, they assert, was insufficient to confer jurisdiction because such joinder did not make W. S. Neely a real party. They further asserted that Mrs. Neely did not allege that her husband failed or refused to join her as a real party, and that by reason thereof she was without authority to prosecute such suit without the joinder of her husband as a real party at interest. From a judgment denying appellants the relief sought, they have appealed to this court. In this court they raise the same question as was urged in the trial court.

The appellants offered two instruments in evidence, one the plea in intervention of Mrs. Neely, of the date December 9, 1932, and the other the judgment in Cause No. 89275, of the date of June 27, 1933. Upon these two instruments being introduced the appellants rested their case. The first paragraph of the plea in intervention introduced is as follows:

"Comes now Josephine Neely, joined pro forma by her husband W. S. Neely, and with leave of the court first had and obtained, files this her intervention herein and complains of J. R. Neely, Eula Wilson and husband, S. B. Wilson, Callie Boon and husband, Sumpter Boon, Luny Bradshaw and husband, W. H. Bradshaw, and E. C. Neely, defendants, all of whom have appeared and answered herein, and shows."

The first two paragraphs of the judgment introduced in evidence are as follows:

"Be it remembered that on June 27, 1933, the above entitled and numbered cause came on regularly to be heard, plaintiff W. S. Neely, intervener Josephine Neely, and defendants, J. R. Neely, Eula Wilson and husband, S. B. Wilson, Callie Boon and Husband, Sumpter Boon, Luny Bradshaw and husband, W. H. Bradshaw, and E. C. Neely, all appearing either in person or by their respective attorneys, and all parties announced ready for trial.

"And thereupon plaintiff, W. S. Neely, announced in open court that he wished no longer to prosecute his suit against defendants, which was thereupon dismissed by the court. And thereupon the cause proceeded alone upon the intervention of Josephine Neely, joined by her husband, W. S. Neely, against all of said defendants."

The appellee offered in evidence the answer of appellants in Cause No. 89275, of the date of January 3, 1933, in which there was no mention of the non-joinder of W. S. Neely as a necessary party. In addition to such answer an agreement was offered to the effect "that W. S. Neely, then the husband of Josephine Neely, was present in this court during the entire trial of cause No. 89275 in June of 1933 and that he engaged in said trial as the husband of Josephine Neely and counseled with her and his and their attorneys and that he actually consented to the maintenance of intervention by his wife, Josephine Neely."

The above testimony is all that was introduced in the trial of this cause. While this testimony is meager on the identity of the property involved, we think the record as a whole shows the property to have been the separate estate of Mrs. Neely; at least, it was recovered as such.

In the state of the record before us, we deem it unnecessary to determine whether or not a "pro forma" party is a real party in a suit of this sort, and whether or not a "pro forma" joinder of the husband is sufficient to confer jurisdiction upon the court to hear and determine the claim of the wife. The following cases are authority for the theory that such a joinder is either fatal or defective: Koenig v. Marti et al., Tex.Civ.App., 103 S.W.2d 1023; Newell et al. v. State, Tex.Civ.App., 103 S.W.2d 194; Harding v. Turner et al., Tex. Civ.App., 267 S.W. 314; Yellow Cab & Baggage Co. v. Smith et al., Tex.Civ.App., 30 S.W.2d 697; Houston Gas & Fuel Co. v. Spradlin et al., Tex.Civ.App., 55 S.W. 2d 1086, and Barmore v. Darragh et al., Tex.Civ.App., 227 S.W. 522. In each of these cases the question was raised in a direct appeal from the judgment involved, and not, as in the instant case, by a suit to set aside the judgment after it became final. A case holding a contrary view to that expressed in the above cases is that of Gulf, C. & S. F. Ry. Co. v. Ann Jones et al., 3 Willson, Civ.Cas.Ct.App. 39, § 21.

In the instant case, however, it is our opinion that the appellants have failed to prove the allegations of their petition wherein they assert that W. S. Neely was only a "pro forma" party. The judgment in Cause No. 89275, from which we have quoted above, nowhere refers to W. S. Neely as a party "pro forma." In such judgment he is referred to as a "plaintiff," and it further recites that the "cause proceeded alone upon the intervention of Josephine Neely, joined by her husband, W. S. Neely, against all of said defendants." If the recitations of the judgment are true, we think the requirements of Art. 1983, R. C.S., are met. Such Article is as follows:

"The husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife; and, in case he fails or neglects so to do, she may sue alone by authority of the court."

The recitation from the judgment in question indicates that the suit was a joint suit of the husband and wife in conformity with the article quoted. The statute also permits the wife to sue alone if the husband fails or refuses to sue. In construing this statute, the authorities hold that, in order to sue alone, the wife must allege the failure of the husband to join her in the suit. In the petition offered in evidence, it is true she failed to make such an allegation, but we are authorized to assume that such petition was not the only petition filed by the appellee. The recitations of the judgment are refuted only by the petition in intervention which was filed some six months before the cause was tried. There is neither allegation nor proof in the instant case that such plea in intervention was the only pleading filed by Josephine Neely. The nearest approach to such an allegation by appellants was as follows:

"That said defendant having failed upon her husband's withdrawal from said cause No. 89275, to amend her petition in intervention filed in said cause and suit described in paragraph 3 hereof in her own name alone and without the joinder of her husband in fact, this Court was without jurisdiction over the defendant, her person and the cause of action, if any, alleged in her petition in intervention, and the court was without lawful authority to render in her favor the judgment referred to in paragraph 3 hereof."

No proof was offered to establish this allegation. The dismissal of the original suit by W. S. Neely is shown by the judgment in question to have taken place on June 27, 1933. The allegation just quoted from appellants' petition in this case does not purport to assert that no amended petition was filed by the appellee, but only that such was not filed after the "withdrawal" of W. S. Neely from Cause No. 89275. Appellee had some six months time before such "withdrawal" to have amended her petition. Moreover, there is no allegation or proof that a supplemental petition was not filed by the appellee which met the requirements of the above article of the statute. The 1933 judgment in this respect, we think, is conclusive, on its face, that the court had jurisdiction of the parties and subject matter in litigation. To overcome such conclusion, the appellants had the burden of pleading and proving that the recitations in the judgment were not true. This they failed to do. In a similar situation, in the case of De Arment v. De Arment, 249 S.W. 1088, wherein a suit was instituted to set aside a judgment, Judge

Fly of the San Antonio Court of Civil Appeals, in the opinion, said (page 1089):

"The original judgment showed from its recitals that the court had jurisdiction of the subject-matter, and it is attacked on the ground that the petition did not state a cause over which the court had jurisdiction.

"The judgment was one of which the court had jurisdiction, there was no allegation that no pleadings were filed by the plaintiff in the case except the original petition, and the proof did not show that no other pleadings were filed in the case. The burden of proof was upon appellant when she sought to destroy the judgment, and she should have shown facts which would have destroyed the presumption in favor of the validity of the judgment."

In further support of this same proposition, see Floyd et al. v. Watkins, 34 Tex. Civ.App. 3, 79 S.W. 612, writ refused.

In view of these authorities, it is our opinion that the appellants failed to show that the trial court did not have jurisdiction to render the judgment in Cause No. 89275, and for that reason we think the court, in the instant case, was correct in denying the appellants the relief they sought. Robin v. Robin, Tex.Civ.App., 106 S.W.2d 1082; Shook v. Shook, Tex.Civ. App., 145 S.W. 699, writ denied.

The judgment is affirmed.