### A. G. PICKETT v. MRS. MARY M. ABNEY ET AL.

#### No. 7336.

1. **Omitted Minutes of Private Corporation May be Proved.**—The proceedings and resolutions of private corporations omitted from the recorded minutes may be shown by other testimony. The records are prima facie evidence of the facts therein stated and that all things are rightly done. The proof disputing such a record must be convincing and satisfactory.

2. **Impeaching Ownership of Stock by Holder.**—A plea that the stock in the name of a plaintiff suing the directors of a corporation had been a mere gratuity, and that the plaintiff had paid nothing therefor, should be supported by affidavit. Rev. Stats., art. 1265, sec. 10. Otherwise, testimony under it is inadmissible.

3. **Judgment of Forfeiture** of a corporation in a suit in which the State is not a party is a nullity.

APPEAL from Wilson. Tried below before Hon. GEORGE McCOR-MICK.

No statement is necessary.

*L. S. Lawhon*, for appellant.—1. The records of a private corporation are private writings, and may be contradicted, explained, or supplied by oral evidence. 1 Greenl. on Ev., sec. 474; 1 Dill. on Mun. Corp., sec. 237.

2. A private corporation, unless prohibited by its charter, may make any contract it sees proper pertaining to its business, and its contracts may be proved as any other contracts. Henderson v. Railway, 17 Texas, 579.

3. Shares of stock in a private corporation are choses in action, and must be supported by a valuable consideration. Menard v. Shaw, 5 Texas, 337; Jones v. Holliday, 11 Texas, 412; Hopkins v. Upshur, 20 Texas, 94.

*B. F. Ballard*, for appellees.—1. The contract of a director with the directors in which he may be pecuniarily benefited, is void. Wood's Field on Corp.; Angell & Ames on Corp.

2. Where one of the directors makes a contract with the other directors in which he is personally interested, and it required him to make a quorum, such contract is not binding on any one.

COLLARD, JUDGE, *Section A.*—Suit by appellee Mrs. Abney, against Sidney Mead, A. G. Pickett, Sr., C. B. Stephenson, A. Oppenheimer, and A. C. Schryver, officers and directors of the Calaveras Bridge Company, a corporation under the laws of Texas.

Plaintiff alleged, that she was a stockholder in the company; that the directors had been grossly negligent in the discharge of their duties and in the management of the business of the company, whereby her stock had become worthless, etc. It is unnecessary to state all the particular averments; the suit is for dividends that should have been distributed, and to require the defendants to account for all funds received by them and to render a just and true account of the same, and to require of them to answer for neglect as alleged, which resulted in the disparagement of stock and injury to plaintiff. W. M. Bains, owner of two shares of stock, intervened, adopting the pleadings of plaintiff. Defendants Pickett and Mead answered by general denial, and specially, that the bridge company had never earned any dividends, and that there were none to distribute as claimed by plaintiff. The death of Mead being suggested, Dolphia S. Mead, as his administratrix, was made defendant, and answered, denying that there were any dividends to be distributed among the stockholders, and setting up that neither Abney nor his wife had ever paid anything for the stock issued to

plaintiff, but that it was donated to her by the company and no consideration was ever paid. Defendants Oppenheimer and Schryver disclaimed any interest in the property or business, alleging that they were not liable for the debts of the corporation and had never acted as nor accepted the position of directors, and denied generally the allegations of the petition.

The court submitted special issues to the jury, and upon verdict judgment was rendered against Mead, Pickett, Oppenheimer, and Schryver individually for $1258.75, and against Pickett for the further sum of $418.16, and against Mrs. Mead, surviving wife, etc., the further sum of $450, all in favor of the stockholders. The court forfeited the charter and dissolved the corporation, appointed a trustee to collect the assets and settle with the stockholders, share and share alike. Pickett alone has appealed.

His first error assigned is: "The court erred in not permitting the defendant A. G. Pickett to testify that plaintiff's deceased husband was the secretary of the board of directors of the Calaveras Bridge Company, and that the minute book offered in evidence did not contain the minutes of all the meetings of the board, and that had all the minutes of the board been recorded, they would have shown that said Pickett's claim of $750 was just, as shown by defendant's bill of exception number 1."

Pickett offered to prove, that there were several meetings of the board of directors the minutes of which had not been recorded by the secretary, and that at one of said meetings the board passed an order or resolution allowing witness a salary of $150 per annum as president of the board, and that by allowing the sum so due, to-wit, $750, the full amount of the salary, it would leave the company due him $332.84.

The court excluded the testimony, upon objection that neither the by-laws nor the record of the minutes provided for such salary.

The court erred in excluding the testimony. Even in the case of a municipal corporation matters omitted in the record of its proceedings may be shown by other testimony. 1 Dill. on Mun. Corp., sec. 237; Bank v. Dandrige, 12 Wheat., 64. If the law makes the recorded minutes the only evidence of what occurred, the rule would be different. The rule as to proceedings and resolutions of private corporations is not more strict. The records are prima facie evidence of the facts therein stated, and that all things were rightly done. The proof disputing such a record must be convincing and satisfactory (1 Beach on Priv. Corp., sec. 296); or, as decided in McIlhenny v. Binz, 80 Texas, 1, the evidence must be positive, and more than sufficient to cast a mere suspicion upon the minutes. There can be in our opinion no doubt but that the evidence the court refused to hear was admissible. It proposed to be direct and positive that the directors allowed Pickett a salary for his services as president. This the directors had the right to

do; and if the order was passed by the board of directors as other resolutions and orders are required to be, the act could only be attacked for fraud or bad faith.

Appellant's next assignment of error is, substantially, that there was error in excluding the testimony of Pickett, that the three shares of stock of plaintiff were donated to her, and that no consideration was ever paid for them.

The fact sought to be proved was not alleged by Pickett, the only appellant; it was alleged by Mrs. Mead, who does not appeal, but her plea was not sworn to as required by the statute. Evidence of the fact without a plea supported by affidavit was inadmissible. Rev. Stats., art. 1265, subdiv. 10. The court's ruling was correct.

Other assigned errors need not be considered. They are all too general, and point out no particular error. Pridham v. Weddington, 74 Texas, 354.

Because of the error of the court in excluding the testimony of Pickett, that the board of directors had by resolution allowed him a salary, our opinion is the judgment of the court below should be reversed as to the appellant Pickett alone and remanded for trial upon that issue, and that in all other respects and as against all other parties the judgment should be affirmed. It should be added, that the judgment forfeiting the charter was a nullity, as the State was not a party to the suit.

*Reversed and remanded.*

Adopted May 17, 1892.