## D. A. SIMMONS V. BURTON RICHARDS, TRUSTEE, ET AL.

### Decided January 11, 1902.

**1.—Judgment—Setting Aside—Fraud.**

Relief will not be granted against a judgment unless the party seeking to set it aside shows that he was prevented from making a valid defense to the action in which it was rendered by fraud, accident, or the act of the opposite party, unmixed with fraud or negligence on his part, and that a different result will probably be reached on another trial.

**2.—Same—Negligence Shown—Collateral Attack.**

Where facts relied on to impeach a judgment were known at the time of a motion for new trial, and were not then urged, they can not be set up afterwards in an action to set aside the judgment.

**3.—Trustee in Bankruptcy—Liability—Powers.**

A trustee in bankruptcy can not, in a collateral action involving title to the bankrupt's property, be compelled to account for funds he has received as trustee, since he is responsible to the bankrupt court appointing him, and such relief must therefore be obtained through that court. See agreement in a suit made by such trustee as a party which is held not beyond his authority to make.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Barrett, Simmons & Freeman* and *Galloway & Templeton,* for appellant.

*L. B. Eppstein, A. H. Culver,* and *A. G. Moseley,* for appellees.

RAINEY, CHIEF JUSTICE.—The appellant, Simmons, sued the appellees, Meyer Bros. Drug Company; J. L. Jones, as receiver; Burton Richards, trustee of J. A. De Gaugh, bankrupt; and Claud Arnold, clerk of the District Court of Grayson County, Texas, to set aside a judgment rendered by the District Court of said Grayson County, wherein Meyer Bros. Drug Company was plaintiff and Jones, Simmons, and De Gaugh were defendants, and Burton Richards, trustee, was intervener, the judgment being in favor of the plaintiff and intervener. A writ of injunction against all said parties was prayed for to prevent the paying out of moneys in the hands of said clerk and said receiver, and further, that they account for same and pay same to plaintiff.

Upon a hearing before the court without a jury, judgment was rendered for defendants.

The suit of Meyer Bros. Drug Company v. Jones et al., aforesaid, arose out of a controversy as to the ownership of the property here in suit. The facts of that controversy are, in substance, that Jones and De Gaugh were conducting a drug business under the style of Jones & Simmons. De Gaugh was a judgment debtor of Meyer Bros. Drug Company. Said company caused an execution to be levied upon De Gaugh's undivided half interest, a sale was had, and said company became the purchaser thereat of said interest. Subsequently said company sued Jones, Simmons (appellant herein), and De Gaugh to re-

cover said interest. Burton Richards intervened, claiming the property as trustee of De Gaugh, bankrupt. Simmons claimed to be the owner of said undivided interest, and De Gaugh disclaimed any title thereto, but claimed the title to be in Simmons. The main issue in this case was whether the title to the property was in Simmons or De Gaugh. An agreement therein was had between the Meyer Bros. Drug Company and Burton Richards, trustee, in effect, that in the event the property was established to be De Gaugh's, Meyer Bros. Drug Company would be entitled to $3750, and Richards, as trustee, to the remainder. Plaintiff and intervener recovered and judgment was entered for them respectively in accord with said agreement. After judgment Jones was appointed receiver and took charge of said business. An appeal was prosecuted to this court, where the judgment was affirmed and a writ of error denied by the Supreme Court. See Jones v. Meyer Bros. Drug Co., 61 S. W. Rep., 553.

After the rendition of said judgment De Gaugh transferred to appellant Simmons all his interest in the property, and the ground urged by Simmons for setting aside said judgment is that in the former suit Meyer Bros. Drug Company failed to show the amount of interest, if any, it had in the property, and that the trustee had no authority to make the said agreement with said company allowing it a portion thereof, but that the same was made without consideration and for the purpose of depriving De Gaugh of any interest he might have therein, and in disregard of his rights.

The judgment sought to be set aside determined the interest of the parties, and is conclusive unless it can be reformed for the reasons assigned. The rule in cases of this character is that "relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and to show also that there are good grounds to suppose that a different result would be ·attained by a new trial." Merrill v. Roberts, 78 Texas, 28.

The evidence in this case not only fails to show that a different result would probably be attained, but it shows that De Gaugh's interest in the property was decidedly greater at the time of the sale under the Meyer Bros. Company's execution, and would support a judgment larger than the amount recovered by said company.

The evidence does not show that any fraud was perpetrated upon appellant or De Gaugh in making the agreement between the drug company and Burton Richards, the trustee. De Gaugh, in that suit, claimed no interest in the property. Richards, as trustee, was entitled to recover all the interest of De Gaugh therein, over and above that to which the drug company was entitled. The evidence shows that Richards and his

attorney were doubtful as to his being entitled to anything. The agreement did not give the drug company more than the evidence in this case shows it was entitled to recover.

Under these circumstances it can not be held that said agreement was fraudulent. Besides, appellant is claiming through De Gaugh. De Gaugh, in that suit, disclaimed any interest in the property and can not now be heard to impeach that judgment, and Simmons occupies no better position than he. Again, when the motion for a new trial was made in that suit, they knew of the agreement, and no sufficient excuse is shown why the grounds here urged were not then urged in support of that motion. Bomar v. Parker, 68 Texas, 435.

On the appeal of that suit it was urged that said agreement was void for the want of authority on the part of Richards to make it. That contention was not sustained. It was also urged on that appeal that the evidence failed to show what interest the drug company had in the property. This court held that, under the circumstances, that fact would not cause a reversal, and the judgment was affirmed. That decision left the judgment of the District Court standing, giving to the drug company $3750, and it will not be disturbed in the absence of proof of fraud, and that a different result would probably be reached on another trial.

The drug company is entitled to have its judgment satisfied out of the proceeds of said property, and Richards, as trustee, is entitled to the remainder, if any. Richards can not be required in this proceeding to account to plaintiff for any funds he may receive as trustee. He is responsible to the bankrupt court appointing him, and any relief appellant may be entitled to against him must be obtained through that court.

The judgment is affirmed.

*Affirmed.*