ROBBIE v. UPSON.

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1913. Rehearing Denied Feb. 12, 1913.)

1. NEW TRIAL (§ 167*)—ACTIONS FOR NEW TRIAL—BURDEN.

The party bringing an action to vacate a judgment against him, and to obtain a rehearing and new trial of the cause, has the burden of pleading and proving the facts entitling him to a new trial and to a recovery on the merits, and of affirmatively establishing that the judgment is invalid and should be set aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 246–249; Dec. Dig. § 167.*]

2. NEW TRIAL (§ 167*)—ACTIONS FOR NEW TRIAL—PETITION.

In an action to vacate a judgment and for a rehearing and new trial of the cause, a petition showing that on January 6th the party against whom judgment was rendered left the state on business and did not return until March 10th, and that on February 7th his attorney, not knowing that he had left the state, agreed to set the case down for trial on February 14th, that before that date the attorney was taken ill and thereby prevented from attending court, and judgment was taken against such party, and that the party did not know that the case was to be tried on February 14th, or that judgment had been rendered against him until his return, fails to allege facts entitling him to set aside the judgment, since it does not show fraud, accident, or the act of the opposite party, unmixed with negligence on his own part, but does show a plain case of negligence on his part.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 246–249; Dec. Dig. § 167.*]

3. NEW TRIAL (§ 167*)—ACTIONS FOR NEW TRIAL—GROUNDS.

A party who withdrew from the files of the court the original petition in an action, and the original of certain depositions, could not complain because, in rendering judgment against him upon his failure to appear at the time set for trial, the court permitted copies of such papers to be used, and hence could not maintain an action in equity to vacate the judgment and for a new trial because of the use of such copies.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 246–249; Dec. Dig. § 167.*]

4. NEW TRIAL (§ 167*)—ACTIONS FOR NEW TRIAL—GROUNDS.

Although there is no provision by statute for a new trial after adjournment of the court rendering the judgment or for a bill of review, except in certain specified cases, the district court in the exercise of its equitable power, may re-examine a case on the merits and grant such relief as equity and justice requires, where a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 246–249; Dec. Dig. § 167.*]

5. NEW TRIAL (§ 167*)—ACTIONS FOR NEW TRIAL—PETITION.

In an action to vacate a judgment and for a rehearing and new trial, the petition should set out, in substance at least, either the pleadings of the parties or the facts upon which the adverse party relied, in order that it may be seen whether the petitioner's defenses would be sufficient.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 246–249; Dec. Dig. § 167.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Acton by James V. Upson against W. Robbie. Judgment for plaintiff, and defendant appeals. Reversed, and cause dismissed.

See, also, 151 S. W. 570.

Leon A. Baer and Taliaferro & Cunningham, all of San Antonio, for appellant. Newton & Ward, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to set aside judgment rendered against the former in favor of the latter for the sum of $1,000, to enjoin any action under said judgment, and to obtain a rehearing and new trial in the cause. The court granted a temporary injunction restraining any execution under the original judgment. Appellant filed general and special exceptions, pleaded to the jurisdiction, and answered fully to the petition. The cause was tried by the court, and judgment was rendered perpetuating the injunction, setting aside the former judgment against appellee, and for all costs in his favor against appellant.

In his petition, appellee, in addition to pleading his grounds for claiming invalidity in the judgment, pleaded the merits of his cause; and, in the judgment, it is recited "that the matters in controversy, as well as of fact as of law, were submitted to the court," and that the court "heard the evidence." We conclude the judgment was a final one.

[1] This is a new suit instituted by appellee, and he has the burden resting upon him, as upon any other plaintiff, of pleading and proving the facts entitling him to a new trial and a recovery on the merits. By his endeavor to set aside the judgment of the court, he took up the burdens of affirmatively establishing that the former judgment was invalid and should be set aside.

[2] In the petition, it is alleged that a suit was instituted by appellant against appellee on December 5, 1908, to recover $1,000 damages resulting from the death of a mare; that appellant took the depositions of Mrs. Hedwig Thomas and Mrs. Lizzie Preston, which were returned to and filed in the court;

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

that appellee filed his answer in the suit on January 4, 1909; that Leo Tarleton was appellee's attorney, but retired from the case in January, 1910, and appellee then retained C. K. Brenneman as his attorney; that on January 6, 1912, appellee left San Antonio for New York, where he had important business, and did not return until March 10, 1912; that on February 7, 1912, appellee's attorney, being ignorant of the fact that appellee had gone to New York, agreed to set the case down for trial on February 14, 1912; that before that date his attorney was taken seriously ill, and on the date aforesaid judgment was taken by appellant against appellee; that the attorney was prevented from attending court by his illness, and appellee was not aware that it was to be tried on February 14, 1912, and did not know that judgment had been rendered against him until he returned from New York. Appellee also alleged that he had withdrawn from the court the depositions and petition of appellant some two years before the judgment was rendered, and had placed them in the actual, exclusive, manual custody and possession of his attorney until March 14, 1912, when they were delivered to appellee by his attorney, and that since he had retained possession of the papers. It was further alleged that appellant had used office copies of the petition and depositions upon the trial, without giving the notice necessary in substituting papers, by reason of which the judgment was null and void. Appellee, in addition, set up his defenses to the action.

We do not think the petition alleged facts entitling appellee to set aside the judgment of the court. It is not denied that the cause was regularly called for trial on February 7, 1912, nor that it was regularly set down for trial, by agreement between appellant and the attorney of appellee, on February 14, 1912. The agreement to set the case for trial on February 14th must be viewed as though appellee in person had made the agreement; and his absence in New York cannot justify his failure to be represented on the day the case was set for trial, and there is no allegation that the sickness of his counsel was made known to the court. The facts alleged show a plain case of negligence in appellee leaving, on the night before his cause was to be called for trial, for New York and remaining there for two months. He did not notify his counsel that he was going, for on the next day counsel said he would have appellee present on February 14th. The rule in cases of this character is "that such relief will not be granted unless the party seeking it can show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. He must be able to impeach the justice and equity of the verdict of which he complains, and to show also that there is good ground to suppose that a different result would be attained by a new trial." Vardeman v. Edwards, 21 Tex. 740; Plummer v. Power, 29 Tex. 15; Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889; Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Luther v. W. U. Telegraph Co., 25 Tex. Civ. App. 31, 60 S. W. 1026; Johnson v. Daniel, 25 Tex. Civ. App. 587, 63 S. W. 1032; Simmons v. Richards, 28 Tex. Civ. App. 112, 66 S. W. 687; Dick v. Collins, 30 Tex. Civ. App. 12, 68 S. W. 1015; Graham v. Coolidge, 30 Tex. Civ. App. 273, 70 S. W. 231.

[3] Neither fraud, accident, or the act of the opposite party, unmixed with negligence on the part of appellee, appeared from pleadings or proof. The allegations themselves show gross negligence on the part of appellee; and he cannot take advantage of the fact that copies of the petition and depositions were used, when he had withdrawn the original papers from the court and had kept them for two years. He created a necessity for the use of copies, and will not be permitted to complain at the manner of their use. He does not allege, nor attempt to show, that the copies were not correct in every particular; and, on the other hand, it was proved that they were literal copies, and he could not have been injured by the use of the copies. The papers could not be supplied under the statute providing for substitution, because they had not been lost or destroyed, but had been abstracted and retained by appellee, even up to the time that the petition for a new trial was filed. A party is in no position to enter a court of equity and complain of the use of copies of instruments, the use of which was necessitated by the acts of the complaining party. In cases of this character, the strongest reasons must be shown for the interposition of a court of equity. Nevins v. McKee, 61 Tex. 413; Harn v. Phelps, 65 Tex. 592; Weaver v. Vandervanter, herein cited. The use of the copies was a mere irregularity in procedure, and did not injure appellee. Roller v. Wooldridge, 46 Tex. 485.

[4] There is no such proceeding as a motion for a new trial provided for in the statutes of Texas, after the adjournment of the court rendering the judgment; and there is no provision in the statutes for a bill of review, except in cases "in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by an attorney of his own selection," and in probate matters where any person interested may, by a bill of review, filed in the court in which the proceedings were had, have the same revised and corrected, and in connection with final accounts in estates. Articles 2026, 3203, and 4300, Rev. Stats. of 1911. The only rules on this subject in Texas, in cases other than those mentioned, are laid down by decisions

of the Supreme Court under the rules of equity. In the case of Overton v. Blum, 50 Tex. 417, Chief Justice Moore said: "Although the contrary might be inferred from some of the earlier decisions, * * * it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application. * * * But though a new trial is never granted in terms after the adjournment of the court rendering the judgment, and there can be no such thing as another trial of the case at law after it is once finally decided, it is not to be questioned that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the district court, in the exercise of its equitable powers, may grant relief by re-examining the case on its merits, and granting such relief as equity and justice may require."

[5] Not only does the petition fail to show that the judgment was obtained by fraud, mistake, or accident, without any negligence on the part of appellee, but it is defective in not setting out, in substance at least, either the pleadings of the parties or the facts upon which appellant relied, and it is impossible to know that his defenses would overcome that testimony or would merely create a conflict. Ratto v. Levy, 63 Tex. 278. Not only was it incumbent upon appellee to plead that the judgment was obtained by accident, mistake, or fraud, without negligence on his part, but he should have proved his defense to the action. The statement of facts fails to indicate that he made such proof. Appellant was under no obligation to prove anything except in rebuttal of the case made by appellee; and the latter made no showing whatever, in his evidence, as to his defense to the claim of appellant. Appellee was attacking the judgment of a court which was presumed to be regular and valid, and he assumed the burden of showing its invalidity.

The judgment is reversed, and the cause dismissed.

TALIAFERRO, J., entered his disqualification in this case.