WIGWAM BOWLING & ATHLETIC CLUB et al. v. STATE. (No. 666.)

(Court of Civil Appeals of Texas. El Paso. March 15, 1917.)

1. Intoxicating Liquors ⬟264 — Illegal Sale—Injunction—Power of County Attorney.

Rev. St. 1911, art. 4674, makes the unlawful sale of intoxicating liquors a public nuisance which may be enjoined by a county attorney in the name of the state. Const. art. 4, §. 22, requires a suit to inquire into the charter rights of a private corporation and to prevent it from exercising a power not conferred upon it by its charter must be brought by the Attorney General of the state. Held, that a suit brought primarily to abate a nuisance, in the sale of intoxicating liquors by an incorporated club without a license, although an abatement of the nuisance might incidentally restrain the corpora-

tion from exercising powers not authorized by law, was properly brought by the county attorney.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 403.]

2. INTOXICATING LIQUORS ☞277 — ILLEGAL SALE—INJUNCTION—POWER OF COUNTY ATTORNEY.

In view of Const. art. 4, § 22, in a suit by a county attorney to enjoin the sale of intoxicating liquors by a club without a license, and to restrain it from using its stock, etc., for a purpose not authorized by its charter, a judgment in so far as it enjoined the corporation from the commission of acts simply ultra vires was erroneous.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 413.]

3. INTOXICATING LIQUORS ☞276 — SUIT FOR INJUNCTION—PEREMPTORY INSTRUCTION.

Where there was evidence that defendant was a bona fide club and incidentally furnished intoxicating liquors to its members without profit, which did not require it to obtain a license as a retail liquor dealer, or constitute the maintenance of a nuisance under Rev. St. 1911, art. 4674, which could be enjoined, an issue of fact was raised for the jury, and the court's action in giving peremptory instruction was error.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 412.]

Harper, C. J., dissenting.

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Suit for injunction by the State, on the relation of the County Attorney of El Paso County, against Frank McLean and the Wigwam Bowling & Athletic Club. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

W. D. Howe and Harrington & Bridgers, all of El Paso, for appellants. C. W. Croom, of El Paso, for the State.

HIGGINS, J. This suit was filed by the state of Texas through the county attorney of El Paso county against Frank McLean and Wigwam Athletic Club, a corporation. The petition contains contradictory allegations, and is very confusingly drawn, but the substance of its allegations is as follows:

(1) That McLean resides in El Paso county, Tex., and the Wigwam Athletic Club is a corporation duly incorporated under the laws of Texas, domiciled in El Paso county.

(2) That McLean is the lessee and in possession and control of certain premises in the city of El Paso, El Paso county, at No. 106 San Antonio street, which place is commonly known as the Wigwam Club, and where the Wigwam Athletic Club purports to have its headquarters and place of business. That McLean is using the charter of the club as a shield and makeshift for the purpose of conducting, under the name of the club, a saloon and buffet upon said premises for the purpose and with the intent of avoiding the liquor laws of this state and avoiding the payment of the tax due the state as a retail liquor dealer. That the said McLean has

been maintaining upon said premises and threatens and contemplates maintaining upon same a disorderly house, in this: That spiritous, vinous, and malt liquors are sold in quantities of one gallon or less, to be drunk upon the premises, without having first obtained a license from the state to engage in the occupation of a retail liquor dealer, and that there is no person or corporation having such license to retail liquors or to engage in business as a retail liquor dealer upon said premises.

(3) That McLean threatens and contemplates keeping said premises as a disorderly house in the manner aforesaid.

(4) That the said McLean has been so acting in person and through his agents, servants, and employés.

(5) Plaintiff says that if it is mistaken in its allegations that McLean is acting in the manner aforesaid, and that he is not in charge of, control of, and conducting and managing said premises, and that the said club is a bona fide athletic club, "and that the charter thereof is not being used as a shield and makeshift as hereinbefore charged, then the plaintiff, complaining of the said Wigwam Athletic Club, shows the court that the purpose for which said club was formed and authority granted it by the state of Texas under and by virtue of the terms and conditions of its charter, and plaintiff alleges that said corporation has, in compliance with the terms of its charter, and in good faith, operates, and maintains an athletic club for the purposes of promoting athletics and other innocent sports and amusements upon the aforesaid described premises, leased and controlled by it, in the city of El Paso, El Paso county, Tex."

(6) But the plaintiff says that said corporation is using its stock, means, assets, and property for purposes other than to accomplish the legitimate objects of its creation and those permitted by law, in this:

(a) That the said club is maintaining, and for a long time has maintained, a buffet on said premises for the purpose of selling and dispensing intoxicating liquors to its members for the purpose of making a profit, and sells the same at all hours of the day and night and every day in the week.

(b) That the corporation has not taken out or paid any liquor dealer's license, and has not qualified as a retail liquor dealer; that it has constantly sold, and now sells, and dispenses, intoxicating liquors in quantities of one gallon or less, to be drunk upon the premises, and its members and invited guests constantly buy said liquors from the said corporation in quantities of one gallon or less, and are drinking the same upon the premises.

(7) That the maintenance of said buffet and the purchase and sale of intoxicating liquors by said club constitutes the employment or

use of the stock, means, assets, and properties of the corporation for purposes other than those for which the said corporation was chartered, and that the same is a misuse and abuse of its corporate franchises and privileges, which authorizes and requires the court to enjoin it from maintaining its buffet and selling and dispensing intoxicating liquors to its members, and from using its rooms and premises for such purpose or permitting the same to be so used. That the corporation was not chartered for the purpose of or with the authority to establish or maintain said buffet or to purchase and sell intoxicating liquors to its members. That in so doing it is violating its corporate powers and the laws of the state, entitling the state to an injunction restraining it from such abuse of its corporate powers and funds and from violating the laws of the state.

(8) Prays for an injunction against Frank McLean from using said premises for the purpose of selling said liquors unless he should first procure a license and pay the tax required by law, and against defendant corporation, its officers, agents, and employés, from maintaining said buffet and longer using the stock, means, and assets and properties in purchasing, selling, and dispensing intoxicating liquors to its members and other persons and for general relief.

By a trial amendment, plaintiff alleged that the Wigwam Athletic Club was a corporation organized "for the purpose of bicycling and other innocent sports"; that it has been granted no authority to conduct a saloon or to sell, give away, or dispense to its members intoxicating liquors; that the said corporation since its organization has been conducting a saloon, selling and dispensing to its members and to other persons intoxicating liquors without having first procured a license, and that the sale and dispensing of such liquors was not necessary or essential to enjoy the purposes of or to carry into effect the purposes of its incorporation; that the sale of intoxicating liquors has been the chief purpose and main operation of said corporation since its organization, and that the purpose set forth in its charter has been merged into the business of selling and dispensing intoxicating liquors; that the purpose of the incorporation named in the charter, viz., "bicycling and other innocent sports," is merely an incident to the actual conduct of its business and that the main and principal business that has been conducted is the sale and dispensing of intoxicating liquors; that it was incorporated as a sham and for the purpose of eluding the statutes of the state, and it has for its purpose the sale and dispensing of intoxicating liquors, and as conducted, its business has been mainly that of selling intoxicating liquors; and it was not necessary or proper under its charter powers to conduct the business of a bar and the sale and dispensation of intoxicating liquors.

The substance of the defendants' answer is a denial of the allegations of the petition; that McLean was the manager of the premises for the Wigwam Athletic Club and had no other connection therewith; that the Wigwam Athletic Club was a bona fide club; that it was organized for bicycling and other innocent sports; and that the sale of liquor was made to its members only and was an incident to the purposes of its incorporation; the allegations of the answer bringing the case within the purview of the rules announced in State v. Duke, 104 Tex. 355, 137 S. W. 654, 138 S. W. 385.

Upon trial before a jury, a peremptory instruction in favor of the plaintiff was given, in accordance wherewith verdict was returned and a judgment rendered against the defendants enjoining and restraining the use of the premises for the purpose of selling spiritous, vinous, and malt liquors, or either of them, and from keeping for sale therein spiritous, vinous, and malt liquors, and from using the stock, means, assets, and property of the club for purchasing, selling, and dispensing intoxicating liquors to its members and other persons. Defendants appeal from this judgment.

The assignments of error present two contentions:

[1] First. That the county attorney of El Paso county was without authority to prosecute the suit; it being an inquiry into the charter rights of a private corporation and an action to prevent the defendant corporation from exercising a power not conferred upon it by its charter, and therefore such an action as must have been brought by the Attorney General of the state, under the provisions of section 22, art. 4, of the Constitution. Fairly considered, the allegations of the petition, supplemented by the allegations of the trial amendment, show, and the evidence would support a finding, that the defendant corporation was engaged in and pursuing the business of selling intoxicating liquor without having first procured the necessary license and paid the taxes required by law. Under the provisions of article 4674, R. S., this constitutes a public nuisance, and it may be enjoined at the suit of the county attorney in behalf of the state. The allegations show that the Wigwam Club was incorporated for the purpose of bicycling and other innocent sports, but that it was running a saloon and selling and dispensing intoxicating liquors to its members and others without having procured the necessary license and paid the tax required by law of persons, firms, and corporations who engage in and pursue the business of selling intoxicating liquors. The allegations show that the act of the club in selling liquor was not a mere incident to its organization and done without profit, but that the club was incorporated for the purpose of selling liquors and as a sham whereby it might evade the laws of the state. These allegations and the evi-

dence supporting the same show that the club was maintaining a public nuisance and the county attorney had the right to bring an action to abate the same. It is quite true that the county attorney has no authority to prosecute a suit in the name of the state against a private corporation to inquire into its charter rights and prevent it from exercising a power not authorized by law. This, under the constitutional provision noted above, must be done by the Attorney General of the state. State v. Railway Co., 89 Tex. 562, 35 S. W. 1067; State v. Railway Co., 55 Tex. 76; Oriental Oil Co. v. State, 135 S. W. 722; Western Union Tel. Co. v. State, 121 S. W. 194; Brady v. Brooks, 99 Tex. 366, 89 S. W. 1052; Pickett v. Abney, 84 Tex. 645, 19 S. W. 859. But if a corporation undertakes to engage in or pursue the business of selling intoxicating liquors without having procured the necessary license and paid the taxes required by law, it then becomes the creator and promoter of a public nuisance, and, to abate this nuisance, the county attorney, in behalf of the state, may prosecute a suit.

[2] It may be that as an incident to the abatement of the nuisance a corporation will be restrained from exercising powers not authorized by law, but this is incidental merely to the suit. Such a suit is not primarily for the purpose of inquiring into its charter rights and preventing it from exercising a power not authorized by law, but is primarily to abate a statutory nuisance. The county attorney is not deprived of authority to maintain a suit in behalf of the state to abate a public nuisance of the nature indicated in article 4674, merely because, as an incident of the suit, the corporation would be restrained from exercising a power not authorized by law. The county attorney, in the case at bar, had the right to prosecute a suit in the name of the state to abate the nuisance; but in so far as the petition undertook to restrain the defendant corporation from using its stock, means, and assets and property for any purpose not authorized by its charter powers, the suit was unauthorized, and the court erred in entering a judgment restraining the corporation from so using the same. The county attorney was authorized only to maintain a suit to abate the public nuisance denounced in the statutory provisions above quoted and the court was authorized only to enter a judgment abating such nuisance. Any attempt upon the part of the county attorney to go further than that in undertaking to regulate the conduct of the corporation's affairs would be unauthorized, and the court would err in undertaking to enjoin the corporation from the commission of acts simply ultra vires.

[3] The second contention is that the court erred in giving a peremptory instruction because an issue of fact is raised by the testimony which should properly have been submitted to the jury. This contention is well

taken. There is evidence in the record which would have warranted the jury in finding that the Wigwam Athletic Club was a bona fide club, which, as an incident to its organization and without profit, furnished liquor to its members and not to the public generally. If these were the facts, it was not, under the laws of this state, so engaged in the occupation or business of selling intoxicating liquors, as to require it to pay the tax and take out the license required of retail liquor dealers. State v. Duke, supra. Under the authority of this case, such a club is not to be regarded as the creator and promoter of a public nuisance, and if it was not, the injunction should have been denied.

Reversed and remanded.

HARPER, C. J. (dissenting). I cannot concur in the majority opinion for the following reasons:

Appellants' first contention is that by article 4, § 22, of the Constitution of Texas the Attorney General is given exclusive authority to inquire into the charter rights and privileges of private corporations, and that the suit having been instituted by the county attorney, his general demurrer should have been sustained. The provision of the Constitution referred to reads:

"The Attorney General shall hold his office for two years and until his successor is qualified. He shall represent the state in all suits and pleas in the Supreme Court of the state in which the state may be a party, and shall especially inquire into the charter rights of all private corporations, and, from time to time, in the name of the state, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power, or demanding or collecting any species of taxes, toll, freight or wharfage, not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law."

In an unbroken line of cases from State v. Paris Ry. Co., 55 Tex. 79, to Brady v. Brooks, 99 Tex. 366, 89 S. W. 1052, it has been uniformly held that the above constitutional provision confers the power to institute suits in the name of the state to enjoin private corporations from exceeding their powers and thereby creating public nuisances exclusively upon the Attorney General of the state. The reason given in the opinion of State v. Paris Ry. Co., supra, is that "whether the name of the state shall be used to enjoin, without bond," the acts of a corporation is "a matter of great importance both to the corporation and to the public, and we think has appropriately been left to the * * * Attorney General." Again, in Brady v. Brooks, 99 Tex. 379, 89 S. W. 1056, we find the following:

"Is it reasonbale to suppose that it was the purpose to intrust absolutely the important function of representing the state as an attorney in all cases in which the state should be a party to the numerous county attorneys or to the district attorneys, * * * or to a general state office, like the Attorney General, elected by the people of the whole state? To ask the question

is to answer it. * * * County attorneys and district attorneys are local officers, elected by * * * a small number of voters in a special locality and mainly with reference to the main function, which they are called upon to perform, namely, to prosecute the pleas of the state in criminal cases."

Article 4674, under which this prosecution was instituted, provides that suits to enjoin corporations from maintaining a nuisance such as here alleged may be brought by the county attorney, but there can now be no question that such a statute is·unconstitutional and void because it contravenes the provisions of article 4, § 22; so held in passing upon similar statute in State v. I. & G. N. Ry. Co., 89 Tex. 562, 35 S. W. 1067.

It is further suggested that the main or primary object of this suit is to abate a statutory nuisance and not to inquire into the charter rights of the corporation. Such a distinction is not tenable. In order to maintain the action the court must, of necessity, inquire: Was the corporation, through its officers and agents, selling intoxicating liquors contrary to law? If so, it was "exercising a power not authorized by law," and to inquire into and prevent this in the name of the state, the Attorney General has the exclusive authority. The question here is: Is the state of Texas a party to this suit by proper process, i. e., by the only means provided, the Attorney General of the state making it so by having filed the suit? Unquestionably, it is not. So we are left without a party plaintiff. Therefore the case should be reversed and dismissed. I therefore enter my dissent.

Otherwise I concur in the opinion as written.