ÆTNA CLUB et al. v. STATE.   (No. 676.)

(Court of Civil Appeals of Texas. El Paso. March 15, 1917. Rehearing Denied April 12, 1917.)

1. INTOXICATING LIQUORS ⬲264—ENJOINING ILLEGAL SALE — COUNTY ATTORNEY'S POWERS.

Under the direct provisions of Rev. St. 1911, art. 4674, a county attorney may enjoin a public nuisance created by a private corporation's unlawfully selling intoxicating liquors, although Const. art. 4, § 22, requires suits inquiring into corporate charter rights to be brought by the Attorney General, for abating the nuisance would only incidentally affect the corporate powers.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 403.]

2. PLEADING ⬲420(2)—AMENDMENT—WAIVER OF OBJECTION BY FAILURE TO REQUEST CONTINUANCE.

In action to restrain the illegal sale of intoxicating liquors, the defendant cannot object to an amendment allowed at the trial, where he made no application for a continuance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1409, 1410, 1412.]

3. INTOXICATING LIQUORS ⬲275—ENJOINING ILLEGAL SALE — ADMISSIBILITY OF EVIDENCE.

Where defendant in suit to enjoin its illegal sale of liquor, claimed to be a club organized in good faith for relieving distress, etc., evidence that gambling was permitted upon its premises is admissible to contradict such claim.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 411.]

4. INTOXICATING LIQUORS ⬲275—ENJOINING ILLEGAL SALE—ADMISSIBILITY OF EVIDENCE.

In action to enjoin illegal sale of intoxicating liquors, a district attorney's testimony that a temporary injunction against defendant was in force is inadmissible.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 411.]

5. APPEAL AND ERROR ⬲690(5)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In action to enjoin illegal sale of liquor, admitting evidence that a temporary injunction against defendant was in force is harmless error where the bill of exceptions does not show upon what grounds it was procured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2902.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Suit by the State of Texas against the Ætna Club and W. C. Clark. Judgment for plaintiff, and defendants appeal. Affirmed.

Weeks & Owen, of El Paso, for appellants. C. W. Croom and P. H. Marcum, both of El Paso, for the State.

HIGGINS, J. This suit was filed by the state of Texas through the county attorney of El Paso county, against W. C. Clark and the Ætna Club. The allegations of the petition and the relief sought are substantially the same as in the petition in case of Frank McLean and Wigwam Athletic Club v. State of Texas, 193 S. W. 430, this day decided. The substance of the defendants' answer is a denial of the allegations of the petition; that Clark was the manager of the premises for the club, and that the Ætna Club was a bona fide club, organized for the purpose of relieving distress and rendering moral and financial assistance to and for the intellectual advancement of persons of the negro race in El Paso county, and that the sale of liquor was made to its members only, and was an incident to the purposes of its incorporation, the allegations of the answer bringing the case within the purview of the rules announced in State v. Duke, 104 Tex. 355, 137 S. W. 654, 138 S. W. 385.

Upon trial before a jury, the following facts were found: That the Ætna Club, since its incorporation and on the date the suit was filed, had not conducted in good faith its business so as to carry into effect the purposes set forth in its charter; that the main business of the Ætna Club, as it was and had been conducted on and prior to the date suit was filed, was the sale or dispensing of intoxicating liquors to its members and invited guests; and that on said date and prior thereto, it had been using its charter as a shield or makeshift for the purpose of selling intoxicating liquors to its members.

Judgment was rendered, enjoining defendants from using the premises of the club or any part thereof for the purpose of selling spirituous, vinous, and malt liquors, or either of them, and from keeping the same for sale thereon. From this judgment, the defendants prosecute this appeal.

[1] It is first assigned as error that the county attorney of El Paso county was without authority to prosecute the suit, it being an inquiry into the charter rights of a private corporation and an action to prevent the de-

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant corporation from exercising a power not conferred upon it by its charter, and therefore such an action as must have been brought by the Attorney General of the state under the provisions of section 22, article 4, of the Constitution. The majority of the court is of the opinion that there is no merit in this contention. Our views upon this phase of the case are set forth at length in McLean & Wigwam Athletic Club v. State of Texas, above cited. Chief Justice Harper dissents from this conclusion, his views upon the question being set forth at length in the dissenting opinion filed by him in the case just mentioned.

[2] It is next assigned as error that the court erred in permitting plaintiff to file a trial amendment when the cause was called for trial because same set up a new cause of action, and defendant was not afforded time in which to meet the allegations contained therein. If defendant desired additional time to meet the allegations contained in the trial amendment, an application for a continuance should have been made. No such application was made, and this assignment is therefore without merit.

[3] Error is assigned to the action of the court in permitting the witness Hall to testify that some time in May, 1915, he arrested a number of negroes in the club playing cards, and that they pleaded guilty to gambling. To the admission of this testimony the defendant objected, upon the ground that it was immaterial, irrelevant, and because there were no allegations in the petition that gambling was permitted in the club, and that the same was calculated to prejudice the jury against the defendants. The question of good faith was a very material issue in the case. If the club was not organized and conducted in good faith for the purpose of relieving distress and rendering moral and financial assistance to and for the intellectual advancement of persons of the negro race, then it would certainly have no right to sell liquor without paying the tax required by law and securing a license to sell such liquor. It can hardly be contended that to permit gambling upon the premises was consistent with the purposes for which the club was organized, and the evidence tended very strongly to rebut the contention that the club was a bona fide organization incorporated for the purposes specified.

[4, 5] Error is also assigned to the action of the court in permitting District Attorney Bridgers to testify that in May, 1915, he, as district attorney, had procured a temporary injunction against the Ætna Club, and that the same was standing on the docket of the court undisposed of. The defendant objected to the testimony upon the ground that it was immaterial and irrelevant, and the objection should have been sustained. The error, however, in admitting the testimony, was harmless. The bill of exception does not show the grounds upon which the district attorney procured the temporary injunction, and it may have been based upon allegations foreign to the issues here involved. In the condition of the record, we do not think that the admission of this testimony shows reversible error.

The sufficiency of the evidence to support the judgment is also questioned. We have examined the evidence, and are of the opinion that it is sufficient to support the verdict returned and judgment rendered. All other contentions made in the case have been considered, and the conclusion is reached that the injunction was properly granted, and that the judgment should be affirmed. It is so ordered.