## RICHMOND et al. v. NOWLIN et al.
### No. 5088.

Court of Civil Appeals of Texas. Amarillo.
Dec. 11, 1939.

Rehearing Denied Jan. 15, 1940.

R. E. Stalcup, of Dalhart, for appellants.

Tatum & Tatum, of Dalhart, and Bonner, King, Dawson & Jones, of Wichita Falls, for appellees.

FOLLEY, Justice.

On June 9, 1926, J. W. Wallace, while owner of Blocks 17, 18 and 19 of the Kendrick Addition to the town of Dalhart, Dallam County, Texas, executed a deed of trust upon the property to Edmund P. Melson, trustee for the Continental Life Insurance Company, to secure an indebtedness in favor of such company in the sum

of $2,500. On June 30, 1927, Wallace conveyed the property to A. O'Connor, who, as a part of the consideration, assumed the $2,500 indebtedness on the property held by the Continental Life Insurance Company, and further executed, together with his wife, Mrs. Burlie O'Connor, nine vendor's lien notes each in the sum of $520.25, payable to Wallace from one to nine years respectively. On September 8, 1927, Wallace transferred the nine notes to Mrs. Matilda Richmond for a consideration of $4,682.25, their face value, and guaranteed their payment at maturity. In the assignment conveying these notes it was stipulated that the debt represented thereby was subordinate to the first lien held by the Continental Life Insurance Company.

In December, 1927, the Continental Life Insurance Company transferred the indebtedness and lien held by it to the North Texas Building and Loan Association of Wichita Falls, Texas. On December 30, 1927, O'Connor and wife renewed the indebtedness and lien held by the North Texas Building and Loan Association by executing a renewal note in the sum of $2,427 and by a new deed of trust, both of which extended the unpaid balance of the original $2,500 note. Thereafter, from time to time, by divers transfers not material to this controversy, the property was conveyed by warranty deed, and in all of these transfers the first lien held by the North Texas Building and Loan Association was recognized either by an assumption of the debt by the grantee or by a recitation that such grantee was purchasing the property subject to such indebtedness and lien.

On October 21, 1931, W. H. Lathem, then owner of the property, conveyed the same to Rosa E. Nowlin, who assumed the remaining unpaid balance of the indebtedness held by the North Texas Building and Loan Association as well as five unpaid notes of the series of nine second lien notes executed by O'Connor and wife in favor of Wallace. On December 1, 1932, J. W. Nowlin and wife, Rosa E. Nowlin, executed a new deed of trust to A. C. Estes, trustee for the North Texas Building and Loan Association for the purpose of renewing and extending the lien and the indebtedness held by such association in the unpaid balance of $1,550. On September 1, 1933, Nowlin and wife conveyed the property to Annie Stone McKee who assumed the debt in favor of the North Texas Building and Loan Association in the unpaid balance of $1,486 and further assumed four of the $520.25 unpaid notes of the original series of nine from O'Connor to Wallace.

On April 30, 1935, Annie Stone McKee and her husband, Babe McKee, executed a deed of trust to J. K. Estes, trustee for the North Texas Building and Loan Association in renewal of the indebtedness held by such association. In connection with this deed of trust the McKees executed a new note in the sum of $1,903.26, and it was stipulated in the deed of trust that such note was for money advanced by the association to renew and extend $1,452.25 indebtedness held by the association and that the remainder of the money advanced, as evidenced by the note in the sum of $1,903.26, was for the purpose of paying taxes due on the property. In regard to the excess money advanced for the taxes over and above the amount of the indebtedness outstanding upon the property no issue is presented that the money was not so furnished and applied. On May 17, 1935, the North Texas Building and Loan Association, for valuable consideration, transferred the indebtedness and lien to the appellee, North Texas Federal Savings and Loan Association. On July 7, 1936, J. K. Estes as trustee, and acting under the deed of trust from the McKees to him, made a sale of the property and the same was purchased by the North Texas Federal Savings and Loan Association for the sum of $1,500, which sum was insufficient to pay the amount of the indebtedness then held by such association. On July 22, 1936, the North Texas Federal Savings and Loan Association conveyed the property to J. W. Nowlin, one of the appellees herein.

On September 13, 1938, the appellant, Matilda Richmond, owner of the last four unpaid vendor's lien notes of the series of nine above mentioned, joined by her husband, filed this suit against J. W. Nowlin and wife, the North Texas Federal Savings and Loan Association, J. W. Wallace, A. O'Connor, and other defendants not necessary to mention since they were dismissed from the suit. By an amended petition filed November 16, 1938, they pleaded the various transfers and deeds of trust in connection with the property beginning with the deed of trust from Wallace to Melson, trustee, dated June 9, 1926, and ending with the conveyance to J. W. Nowlin. They alleged that the deed of trust from the McKees to J. K. Estes created no more than a junior lien as far as the rights of Matilda Richmond were concerned and

that the sale made by Estes was void as to them. The appellant, Matilda Richmond, sought personal judgment against J. W. Wallace and A. O'Connor upon the four vendor's lien notes and sought judgment for foreclosure of their vendor's lien against all the parties, and, in the alternative, for foreclosure subject to the balance due upon the original Continental Life Insurance Company indebtedness. Further, in the alternative, they asked for the right to redeem the property and tendered into court the balance due under the original Continental Life loan. Also, as an alternative plea, they set up a statutory action in trespass to try title against all the appellees.

The appellees J. W. Nowlin and wife answered by general demurrer and general denial and alleged that they had made improvements upon the property in good faith. By way of cross-action they sought judgment over against the North Texas Federal Savings and Loan Association for any judgment recovered against them, and in another cross-action in trespass to try title asked that they be quieted in their title to the property.

The North Texas Federal Savings and Loan Association, after answering by the general issue, among other things set up a plea in estoppel as against Matilda Richmond and alleged that prior to the trustee's sale under the deed of trust that such association notified the appellant, Matilda Richmond, of the threatened sale and gave her an opportunity to protect her interest in the property but that Mrs. Richmond informed such association that the property was not worth a thousand dollars, that she was not interested in it and, in effect, said that the association could do as it pleased with the property.

The case was tried before the court without a jury and judgment was rendered denying the appellants any relief except a personal judgment in favor of Mrs. Richmond against J. W. Wallace and A. O'Connor for the amount of her notes. The court adjudged the title and possession of the property to be in J. W. Nowlin and Rosa Nowlin free of any claim of the appellants.

The appellants contend that under the above facts the deed of trust of April 30, 1935, from the McKees to the North Texas Building and Loan Association, under which the land was sold, was void as to Matilda Richmond, and, if valid as between the parties thereto, it only created a lien inferior to that held by Matilda Richmond.

This contention is based upon the theory that the appellant, Matilda Richmond, was bound only by the terms of the original deed of trust from Wallace to Melson and not by one executed subsequent to the creation of her lien, and especially does the appellant Matilda Richmond complain of the selection of J. K. Estes as a new trustee, instead of Edmund P. Melson, who was the trustee named in the original deed of trust from Wallace in favor of the Continental Life Insurance Company.

From an examination of the instruments renewing the indebtedness originally held by the Continental Life Insurance Company, it is evident that no new lien was created in so far as this debt was concerned. The execution of new notes and liens in lieu of the old did not create a new debt or lien on the property, but in each instance, both the indebtedness and the lien were merely brought forward and extended. The appellant Matilda Richmond took her lien by virtue of her purchase of the vendor's lien notes with full knowledge of the existence of the prior lien in favor of the Continental Life Insurance Company, then owner and holder of the debt and first lien. She took such notes charged with notice that the first lien on the property was a valid and superior lien to hers and that it could be continued indefinitely in binding force as superior to her junior lien. She contracted for her junior lien in contemplation of the right of the debtor and the creditor to extend the prior debt and thus keep her lien inferior in every respect. The parties to the McKee deed of trust had the right to name a new trustee and prescribe new terms and conditions of foreclosure so long as such variations from the original deed of trust did not affect or restrict the vested rights of the second lien holder, which was not the case herein since the original deed of trust provided for power of sale. Mrs. Richmond was notified of the threatened sale of the property and afforded an opportunity to protect her interest if she so desired. This she refused to do. She informed the association that the property was not worth more than a thousand dollars, which was about one-half of the amount the association had against it, and she further said that she did not intend to do anything about protecting her second lien. In the case of Hampshire v. Greeves et al., 104 Tex. 620, 143 S.W.

147, 150, in speaking of the rights of a junior lien holder under circumstances similar to those of the instant case, the Supreme Court said: "The right of sale given in a mortgage is a valuable right acquired by contract inuring to the mortgagee, and cannot be impaired by any subsequent act of the mortgagor with regard to such property. Not only is such right of value to the mortgagee, but likewise to the borrower, since it gives the power to foreclose without resort to the courts, and thereby simplifies and facilitates the making of loans so desirable for the promotion of business. * * * If the junior mortgagee desired to protect his lien, it was his privilege and duty to pay off the prior lien. Not having exercised this privilege where the opportunity has not been denied him, he cannot by a suit to foreclose his junior lien under such circumstances deny the right of the holder under the foreclosure sale by the trustee to plead such title as a defense."

Under the above conditions we think the sale of the property under the deed of trust executed by the McKees completely extinguished the second lien held by Mrs. Richmond and all her rights thereunder. Continental State Bank of Big Sandy et al. v. Pepper et al., 130 Tex. 71, 106 S.W. 2d 654; Russell-Coleman Oil Mill v. Johnson et al., Tex.Civ.App., 287 S.W. 134; Richardson et al. v. Kent et al., Tex.Civ. App., 47 S.W.2d 420, and authorities cited.

In the judgment of the trial court no relief was granted to the appellant Harry Richmond, and none was sought by him individually. The judgment, however, recited that he was a party plaintiff pro forma only, which, if true, might present some question of fundamental error under the holding of the following cases: Newell et al. v. State, Tex.Civ.App., 103 S.W.2d 194; Rhodes v. Taliaferro et al., Tex.Civ. App., 119 S.W.2d 703; Neely et al. v. Neely, Tex.Civ.App., 117 S.W.2d 470, writ refused. But upon examination of the record we think the court was in error in finding that the husband was only a party pro forma, and therefore the question presented in the authorities cited passes out of this case. It is true that in the appellants' second amended original petition the husband was referred to as a plaintiff pro forma, but thereafter three supplemental petitions were filed by the appellants, one of which included a cross-action against Nowlin and wife, and in each of these petitions the husband was referred to as a party plaintiff and not as a plaintiff merely

as a matter of form. Under such circumstances we think that Harry Richmond was a real party plaintiff and that the judgment in this respect should be reformed, and it is so ordered.

The judgment as reformed is affirmed.